## UNITED STATES v. ALBERTINI.

(District Court, D. Montana. May 28, 1913.)

1. ALIENS (§ 71½, New, vol. 7 Key-No. Series)—NATURALIZATION—CANCELLATION OF CERTIFICATE—"ILLEGALLY PROCURED."

In Naturalization Act June 29, 1906, c. 3592, § 15, 34 Stat. 601 (U. S. Comp. St. Supp. 1911, p. 537), authorizing the cancellation of a certificate of citizenship on the ground of fraud, or that it was illegally procured,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the term "illegally procured" imports a certificate issued by a court without jurisdiction or in violation of the law's procedure.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 146.]

2. ALIENS (§ 71½, New, vol. 7 Key-No. Series)—NATURALIZATION—CANCELLATION OF CERTIFICATE—PROCUREMENT BY FRAUD.

From the nature of proceedings for naturalization, in that they are in fact and practice essentially ex parte, it is obligatory upon the applicant to answer all prescribed questions fully and truthfully; and a certificate issued to an alien on his verified petition in which he stated that he was unmarried, when in fact he had a wife and children, whom he deserted and left in his native country, is subject to cancellation on the ground of fraud.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 146.]

Petition by the United States against Celeste Albertini for cancellation of naturalization certificate. Decree of cancellation.

J. W. Freeman, U. S. Atty., and S. C. Ford, Asst. U. S. Atty., both of Helena, Mont.

Kremer, Sanders & Kremer, of Butte, Mont., for respondent.

BOURQUIN, District Judge. Proceeding to cancel a certificate of citizenship issued to defendant by a state court in 1910. The complaint herein alleges that said certificate was illegally procured in that defendant in his petition therefor stated he was not a married man and was not a believer in anarchy, whereas in truth defendant then had a wife and children living in Austria, and then was and now is an anarchist and of immoral character, in that he had frequently expressed anarchistic views; declarations in evidence thereof being pleaded. The answer denies all said allegations in reference to anarchism, but admits the same in reference to defendant's wife and children, pleading in avoidance that "many years ago, by mutual consent" of himself and his wife, "they declared their marriage contract to be of no further obligation" and "agreed to consider their marital relations at an end," thereupon ending the same; that his statements in his said petition in reference thereto were without fraudulent design or intent, and in the belief that they were in relation to his status in the United States. The reply denied all new matter.

From the evidence it appears the United States was represented at the hearing upon defendant's petition for citizenship, but by whom and the extent of its participation therein is not stated. There is evidence tending to prove the allegations in reference to defendant's anarchism, but under the circumstances it is not the clear, strong, and convincing proof necessary to the cancellation of a public grant, to which naturalization is analogous. The evidence in the matter of defendant's family is his own, in substance that in 1894 he and his wife married in Austria. In 1903 two female children had been born to them. He believed her at fault and separated from her, telling her she would not see him again. He came hither, another child was born, he occasionally sent her money for the support of the children, and at no time intended to bring her hither. When his petition for citizenship was prepared, he told the clerk he was not married, and no further

questions were asked him in reference to his family. He "considered" himself the "same as single," had no fraudulent intent, and "didn't think it would make any difference."

[1] Neither the complaint nor the proof makes out a case of a certificate "illegally procured," in that the term as used in Act June 29, 1906, c. 3592, § 15, 34 Stat. 599 (U. S. Comp. St. Supp. 1911, p. 537), imports a certificate issued by a court without jurisdiction or in violation of the law's procedure—without a petition or witnesses, or notice, or hearing, for example.

[2] The complaint tends to charge the certificate was procured by fraud, and though in the matter of the false statements in reference to defendant's family it may not have withstood demurrer, it will be deemed amended, in that evidence admitted without objection establishes the charge. The act aforesaid provides the public and the United States are to be notified of naturalization proceedings; that the latter may appear at the hearings, cross-examine petitioners and witnesses, call witnesses, produce evidence, and be heard in opposition. However, the great number of such proceedings throughout the country by aliens from the four quarters of the globe makes participation by the United States little more than formal. Aliens present themselves as friends, soliciting the boon of citizenship from the United States. It is their duty to make true and full disclosure of their qualifications, and honest answer to all questions prescribed. Some thereof relate to mental views and trend of thought, and that may be known to no one but the alien. Some relate to the alien's past, perhaps in an obscure quarter abroad. Some are incapable of reasonable investigation and disproof, if falsely answered or concealed, and are perforce taken largely on trust. The situation renders it easy for the dishonest alien to violate his obligation to deal fairly, enables him to successfully practice deception and concealment, and to abuse the trust of the government.

The government is friendly, and not adversary. There is no opposition, no contest, in the true sense of the word. In theory and form the proceedings may be in their nature adversary; but in practice and substance there is no adversary, and from that standpoint they are still ex parte. They are still analogous to proceedings in the land office to procure patents to public lands, wherein there is like notice of patent proceedings, right to appear, cross-examine, call, produce, oppose. The alien in the former as the entryman in the latter, in much yet has it virtually his own way. And even as the proceedings and patents in the latter are not res judicata against the government, so the judgment and certificate in the former are not conclusive upon it. It would not seem that the act aforesaid contemplates otherwise. Section 15 provides for cancellation of certificates on the ground of fraud or that they were illegally procured. It is not perceived wherein the said act either detracts from or adds to the rights and remedies of the government as they were prior to its enactment. The only change effected is notice posted by the clerk and copies of petitions by him transmitted to the Bureau of Immigration and Naturalization.

The design is to enable the government to exercise some supervision over the proceedings, some watchfulness, and in its discretion to op-

pose, contest, and convert the proceedings into those actually adversary. It may be that, if this discretion be so exercised, the judgment and certificate would be res judicata in the matter of fraud intrinsic the record. But that does not appear to be this case. Even as before the act aforesaid the government could maintain a bill to cancel certificates for fraud intrinsic the record, so can it since in a case like unto this at bar. The fraud, however, in pleading and proof, must rise to the bad eminence of that in any case—false representations or concealments of material facts, and without which the judgment would not have been rendered and the certificate of citizenship would not have been issued. See Johannessen v. U. S., 225 U. S. 241, 32 Sup. Ct. 613, 56 L. Ed. 1066.

Defendant admits to abandonment, in legal contemplation, of his family in Austria for seven years prior to his admission to citizenship. If justified in separating from his wife, the burden *was on him* to demonstrate it and he has not. His evidence under the circumstances is not satisfactory. Married, he denied it; the United States, deceived, could make no investigation, and accepted his untrue statements as true. His abandonment existed during all the five years immediately preceding issuance of the certificate involved. It was not consistent with good morals, and hence during said period he had not behaved, as the law requires, as a man of good moral character. Had the truth been disclosed at the hearing upon his petition, as it is disclosed here, the result would not have been what it was. Without the misrepresentations and concealments by him at said hearing, the judgment therein would not have been rendered—the certificate would not have been issued.

It follows that the defendant's certificate of citizenship involved was procured by fraud and should be set aside and canceled.

Decree accordingly.