### UNITED STATES v. BUTIKOFER.

(District Court, D. Idaho, E. D. January 13, 1916.)

1. ALIENS &—71½, New, vol. 7 Key-No. Series—NATURALIZATION—CANCELLATION OF CERTIFICATE—GROUNDS.
   Under Act June 29, 1906, c. 3592, § 15, 34 Stat. 601 (Comp. St. 1913, § 4374), authorizing the cancellation of certificates of citizenship on the ground of fraud, or on the ground that such certificate was illegally procured, a certificate issued by a court having jurisdiction could not be canceled, on the ground that the applicant was under the age of 21, where it did not appear that he concealed or misrepresented the facts, or intended to or did mislead the court, or that the court was without knowledge of the correct date of his birth, as a final decree of naturalization cannot be overturned for a mere error of judgment committed by a court having jurisdiction.

2. ALIENS &—71½, New, vol. 7 Key-No. Series—NATURALIZATION—CANCELLATION OF CERTIFICATE—GROUNDS.
   In a proceeding for admission of citizenship, the age of the applicant was a question of fact to be determined by the court, and any error committed by it in determining such fact cannot be reviewed in a proceeding to cancel the certificate of citizenship.

3. ALIENS &—71½, New, vol. 7 Key-No. Series—NATURALIZATION—CANCELLATION OF CERTIFICATE—PRESUMPTIONS.
   In a proceeding to cancel a certificate of citizenship, it must be presumed that the court issuing such certificate, in finding that the applicant was of such age as to be entitled to naturalization, acted upon competent evidence.

Proceeding by the United States against Rudolph Butikofer to cancel a certificate of citizenship. Bill dismissed.

&—For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

John R. Smead, Asst. U. S. Atty., of Silver City, Idaho.

Richards, Hart & Van Dam, of Salt Lake City, Utah, for defendant.

DIETRICH, District Judge. This is a proceeding brought under the provisions of section 15 of the Naturalization Act of June 29, 1906 (34 Stat. 596, c. 3592), to cancel a certificate of citizenship held by the defendant. The certificate was issued pursuant to a decree of naturalization entered by the district court of the Third judicial district in the territory of Utah April 11, 1889. The provision referred to authorizes such a proceeding only "for the purpose of setting aside and canceling the certificate of citizenship on the ground of fraud, or on the ground that such certificate of citizenship was illegally procured." Therefore it devolves upon the government to allege and prove either that the certificate was "illegally procured," or that it was obtained by fraud.

[1] By stipulation the cause has been submitted on complaint and answer. The gist of the complaint is that at the time the naturalization proceedings were had defendant lacked approximately two months of having attained his majority. This fact the answer admits. There is no charge that he or his witnesses concealed or misrepresented the facts touching his age, or intended to or did mislead the court, nor is there any averment that the court was without knowledge of the correct date of the applicant's birth. It may very well be that, having full knowledge of the facts, the conclusion was reached as a matter of law that he was qualified. It must be borne in mind that there is no provision of the statutes prescribing an age qualification for citizenship. The view that the right of naturalization extends only to those of the age of 21 years rests upon general principles which the court may have thought to be inapplicable. By section 15 of the Naturalization Act Congress surely did not intend to authorize the overturning of a final decree of naturalization for a mere error of judgment committed by a court having jurisdiction and proceeding in the manner prescribed by law. The exercise by one court of the power to overthrow the judgment of another court having co-ordinate jurisdiction, merely because differing views of the law are entertained, would result in intolerable uncertainty and confusion. In United States v. Albertini, 206 Fed. 133, it was held that the phrase "illegally procured" imports "a certificate issued by a court without jurisdiction or in violation of the law's procedure—without petition, or witnesses, or notice, or hearing, for example." The Utah court had jurisdiction, and in so far as appears its procedure was regular; no fraud was practiced. For these reasons alone the decree must be held to be unassailable.

[2, 3] But there is still another consideration equally conclusive. The age of the defendant was a question of fact, not of law. If it be assumed that the Utah court held the view that only applicants 21 years of age or over were entitled to citizenship, then its duty was to satisfy itself that, as a matter of fact, this defendant had the requisite qualification. Its finding upon that issue was a finding of fact,

and involved no question of law. In the absence of an averment to the contrary, it must be presumed that the court acted upon competent evidence, and any error which it may have committed cannot in this proceeding be brought under review; the statute does not, except in cases of fraud, authorize the cancellation of certificates for erroneous findings of fact.

A decree will be entered dismissing the bill, with prejudice.