## Petition of CONNAL.

(District Court, E. D. New York. October 1, 1925.)

No. 47557.

1. Aliens ⊙=68—Court can look to certificate of arrival to ascertain whether alien was admitted to this country as a permanent resident.

On alien's petition to be admitted a citizen of the United States, court has right to look to certificate of arrival to ascertain whether alien was admitted to this country as a permanent resident.

2. Aliens ⊙=60—Grant of citizenship is a matter of favor, and not a right.

Grant of citizenship is a matter of favor, and not a right, and is effective only after strict compliance with acts of Congress.

3. Aliens ⊙=68—Certificate of arrival of alien seaman, permitted to land as alien, intending to reship, held insufficient as basis for petition for naturalization.

Certificate of arrival of alien seaman permitted to land under Immigration Law 1917, § 33 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼rr), as an alien intending to reship, *held* insufficient as a basis of petition for naturalization, notwithstanding that alien, due to lapse of time, could not be deported under section 34 (section 4289¼s), in that alien was not a resident of the United States when he attempted to make his declaration of intention, which was invalid by reason thereof; Act June 29, 1906, § 4, subds. 7, 8, as amended by Act May 9, 1918, §§ 1–3 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4352), not relieving alien seamen from proof by a certificate of arrival that they had been admitted to permanent residence in this country or that they were residents when their declaration of intention was filed.

Naturalization Petition. In the matter of the petition of Alexander Connal to be admitted a citizen of the United States. Petition denied.

CAMPBELL, District Judge. The petitioner arrived at the Port of New York on the steamship Independence on October 9, 1919, as a member of the crew. He was discharged by the immigration authorities as an alien intending to reship. He did not pay the immigration head tax and was not inspected. The petitioner called at the office of the Bureau of Naturalization on August 5, 1925, with reference to filing his petition, and paid the head tax. Petitioner filed his petition with certificate of arrival and the matter has come on regularly before this court on final hearing. The question raised by the Examiner is whether the certificate of arrival is a sufficient basis for the petition of naturalization.

The Examiner on behalf of the Department of Labor cites Esther Kaplan, appellant, v. Robert E. Tod, Commissioner of Immigration, Ellis Island, Port of New York, 267 U. S. 228, 45 S. Ct. 257, 69 L. Ed. 585, decided by the Supreme Court March 2, 1925, in support of the contention that the certificate of arrival is not sufficient; but that case does not seem to be complete authority for such contention, because the provisions of law relating to the naturalization of seamen are exceptional and the petitioner in the matter at bar was not held in custody, either actual or constructive, but was discharged by the immigration authorities as an alien intending to reship, while the appellant in the Kaplan Case, supra, was held in custody, actual or constructive, and never discharged by the immigration authorities.

Subdivision 7 of section 4 of the act approved June 29, 1906, entitled "An act to establish a Bureau of Immigration and Naturalization, and to provide for a uniform rule for the naturalization of aliens throughout the United States," as amended by the act of May 9, 1918 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4352), provides so far as it is necessary for consideration in the matter at bar as follows: " * * * Any alien * * * who has served * * * for three years on board of merchant or fishing vessels of the United States of more than twenty tons burden, * * * may, on presentation of the required declaration of intention petition for naturalization without proof of the required five years' residence within the United States if upon examination by the representative of the Bureau of Naturalization, in accordance with the requirements of this subdivision it is shown that such residence cannot be established; * * * and in those cases only where the alien is actually in the military or naval service of the United States, the certificate of arrival shall not be filed with the petition for naturalization in the manner prescribed; and any petition for naturalization filed under the provisions of this subdivision may be heard immediately, notwithstanding the law prohibits the hearing of a petition for naturalization during thirty days preceding any election in the jurisdiction of the court. * * * "

From this section it would seem that the presentation of the certificate of arrival of an alien with proof that he had served three years on a merchant or fishing vessel of the United States, of the kind described, and proof of good moral character as required

by the act, would be sufficient; and this construction of the act is supported by the eighth subdivision of said section 4 of said act, so much thereof as is necessary for consideration reading as follows: "That every seaman, being an alien, shall, after his declaration of intention to become a citizen of the United States, and after he shall have served three years upon such merchant or fishing vessels of the United States, be deemed a citizen of the United States for the purpose of serving on board any such merchant or fishing vessel of the United States, anything to the contrary in any act of Congress notwithstanding; but such seaman shall, for all purposes of protection as an American citizen, be deemed such after the filing of his declaration of intention to become such citizen. * * * "

However, while the Congress clearly intended to distinguish between aliens who entered the United States and remained here and aliens who shipped as seamen on American merchant and fishing vessels, the purpose sought to be accomplished as to seamen was to relieve them from the necessity of proving five years' continuous residence within the United States, and to allow immediate consideration of their petitions, and not to relieve them from proof by a certificate of arrival that they had been admitted to permanent residence in this country, or that they were residents of this country when their declaration of intention was filed.

It was not the intention of Congress to allow any alien, regardless of how he may have come into the country, to become a citizen, because it provided for the filing of a declaration of intention to become a citizen, which under the first subdivision of said section was to be made before the clerk of the court or his deputy in the district in which the alien resided, and in order to have a residence in the United States the alien must have entered and been admitted for the purpose of permanent residence, and if he was discharged by the immigration authorities simply for the purpose of reshipping, he was not permanently admitted but only temporarily allowed to remain as a guest pending reshipment, and did not thereby gain a residence.

Section 33 of the Immigration Law 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼rr) provides for allowing an alien seaman to land for the purpose of reshipping on a vessel bound to any foreign port or place, and section 34 of said law (Comp. St. 1918, Comp. St. Ann. Supp.

1919, § 4289¼s) provides for the deportation of alien seamen landing contrary to law, and while due to the lapse of time it may be impossible to deport the petitioner, that does not relieve him from the necessary qualifications for citizenship.

Therefore, his declaration of intention, not being made by a resident of the United States, was invalid. Decision of Judge Knox, March 16, 1925, S. D. of N. Y., Petition No. 57082, of George Edward Cornell [no written opinion]; decision of Judge Mack, July 28, 1923, S. D. of N. Y., Petition No. 66462, of John Ottman [no written opinion]; decision of Judge Knox, March 30, 1925, S. D. of N. Y., Petition No. 57768, of Paul Knut [no written opinion].

[1] That the Congress did not intend to allow any alien, regardless of how he may have come into the country, to become a citizen is further evidenced by the fact that it required a certificate of arrival to be filed, and by the second subdivision of said section it provided that the certificate of arrival should state "the date, place and manner of his arrival in the United States," and this court has a right to look to said certificate to ascertain whether the alien was admitted to this country as a permanent resident (United States v. Ness, 245 U. S. 319, 38 S. Ct. 118, 62 L. Ed. 321), and when it finds that he was not so admitted, but was discharged by the immigration authorities only to reship, then the so-called certificate of arrival is not the certificate of arrival contemplated by the statute as a basis for the petition for admission to citizenship, and it clearly appears that the declaration of intention supporting the petition was invalid, in that at the time of its filing the alien was not a legal resident of the United States. Decision of Judge Inch, September 23, 1925, E. D. of N. Y., Petition No. 48839, of Arie Willem Korpal [no written opinion]; decision of Judge Inch, September 23, 1925, E. D. of N. Y., Petition No. 48838, of Anton Kristian Nilsen [no written opinion].

[2] The grant of citizenship is a matter of favor and not a right, and is effective only after strict compliance with the acts of Congress. United States v. Ginsberg, 243 U. S. 472, 37 S. Ct. 422, 61 L. Ed. 853; United States v. Spohrer (C. C.) 175 F. 440.

The petitioner could not become an American citizen until he began to reside permanently in the United States, and he has never been admitted to the United States as one seeking a permanent residence.

To allow an alien to base his residence, for the purpose of making his declaration of

intention, upon a permission to remain temporarily for the purpose of reshipment, given without inspection, would tend not only to break down but to destroy the protection which Congress has given against the admission of those whom it has determined to be improper to admit, and no such construction should be given the statute unless its language be clearly susceptible of only such construction, and I cannot so construe this statute.

[3] I am therefore unable to find that the certificate of arrival presented in the matter at bar is a sufficient basis for the petition for naturalization in the instant matter, as it clearly appears that the petitioner was not a resident of the United States when he attempted to make his declaration of intention, and that such alleged declaration was invalid by reason thereof.

The petition for naturalization of the petitioner in the matter at bar is therefore denied.