### In re JENSEN.

(District Court, E. D. Louisiana. February 26, 1926.)

No. 5841.

1. Aliens ⬥62—Alien unlawfully in country, without formal admission and without paying head tax, is incapable of acquiring legal residence as predicate for declaration of intention, and is not entitled to citizenship (Act June 29, 1906, § 4, subd. 7, as amended by Act May 9, 1918, § 1 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4352]).

Alien, applying for naturalization under Act June 29, 1906, § 4, subd. 7, as amended by Act May 9, 1918, § 1 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4352) who unlawfully entered country, without examination and formal admission, and without paying head tax, is incapable of acquiring legal residence on which to predicate a valid declaration of intention, and is not entitled to citizenship.

2. Aliens ⬥68(4)—Provisions of Immigration Law must be strictly construed against alien, who has burden to show compliance therewith, precedent to application for naturalization.

Statutory provisions of Immigration Law must be strictly construed against alien, on whom burden rests to affirmatively show his compliance therewith as condition precedent to filing application for citizenship under Naturalization Law.

3. Aliens ⬥68(4)—As affects declaration of intent and petition for naturalization, residence of alien is presumptively unlawful, unless lawful arrival and formal admission is affirmatively shown (Naturalization Act June 29, 1906, § 4, subd. 2 [Comp. St. 4352]).

Unless lawful arrival and formal admission after inspection by Immigration Bureau is affirmatively shown, as by certificate of arrival, under Naturalization Act, § 4, subd. 2 (Comp. St. § 4352), residence of alien, either actual or constructive, is presumptively unlawful, and vitiates his proof of residence, declaration of intention, and petition for naturalization ab initio.

Naturalization Petition. Petition of Jens Marinus Jensen, for naturalization. Petition denied.

Walter Wheatley, District Director of Naturalization, of New Orleans, La.

BURNS, District Judge. The petitioner, an alien, native of Denmark, arrived at Norfolk, Va., as a seaman of the crew of the Danish steamship California, November 20, 1920.

On December 17, 1920, he declared his intention to become a citizen of the United States in the United States District Court at Norfolk, Va.

On November 3, 1925, under subdivision 7 of section 4 of the Act of June 29, 1906 (34 Stat. pt. 1, p. 596), as amended by the Act of May 9, 1918 (40 Stat. pt. 1, p. 542, § 1 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4352]), he filed his petition for naturalization, which came on to be heard here November 5, 1925. The petitioner exhibits discharges showing over three years honorable service on American merchant vessels, commencing June 4, 1921, and ending November 2, 1925, just one day preceding the filing of his petition.

The Naturalization Examiner of the Department of Labor objects to his admission to citizenship on the ground that his declaration of intention and residence was based upon an unlawful entry into the United States, without inspection by the Immigration Bureau, and without paying the head tax imposed by law. In support of this the Examiner points to a notation on the alien's certificate of arrival, issued by the Commissioner of Immigration, which reads: "Jens Marinus Jensen arrived at the port of Norfolk, Virginia, November 20, 1920, S. S. California (Danish). Deserting seaman—did not pay head tax."

The Examiner testifies and states in his brief that, when the alien was shown this record of his arrival, he tendered $8 in payment of the head tax, which was accepted by the Naturalization Examiner, under the regulations of the Naturalization Bureau, but that he advised and informed the alien that this acceptance, and the issuance of a certificate of arrival by the Immigration Bureau, was not to be understood as an admission on the part of the Department of Labor that he was entitled to be admitted to residence; that, on the contrary, it was issued as a matter of duty on the part of the naturalization officer concerned, merely in order to afford him an opportunity to have his case judicially determined.

[1] In support of his opposition, the Naturalization Examiner cites the decision of District Judge Campbell in the case entitled In re Alexander Connal (D. C.) 8 F.(2d) 374, in which case a seaman was shown by his certificate of arrival to have been discharged to reship foreign, and clandestinely remained in this country, and because of this his petition was denied. I find the reasoning of District Judge Campbell in that case highly persuasive, and applicable to the case at

bar. In the instant case it clearly appears that the alien avoided inspection by the Immigration Bureau of the Department of Labor, and remained unlawfully in this country, without examination and formal admission, and without paying the head tax.

[2] In my opinion, a comprehensive view should be taken in the consideration of these cases of the purpose of Congress in devising these Bureaus of Immigration and Naturalization in the Department of Labor as agencies for the administration of the laws governing immigration and naturalization. The Immigration Bureau is vested with an almost plenary power over aliens. The Secretary of Labor and the Commissioner General of Immigration are given authority to make such regulations as they may deem necessary to carry the Immigration Law into effect, and also quasi judiciary authority to decide all questions arising under that law with respect to the admission, exclusion, or deportation of aliens, and the decision of the Secretary is made final.

The Naturalization Bureau, likewise under the direction of the Secretary of Labor, is charged with the administration of the Naturalization Law, except that the jurisdiction of applications for naturalization is vested in the courts. The Immigration Law defines the terms on which aliens may be admitted into the country, whilst the Naturalization Law prescribes how they may subsequently apply for the privilege of citizenship, which can in no case be claimed by them as a matter of right. These statutory provisions must therefore be strictly construed against the alien, upon whom the burden rests to affirmatively show by competent evidence his compliance in detail with the Immigration Law and regulations, as a condition precedent to the filing of an application for citizenship under the Naturalization Law.

[3] The Supreme Court has held that the certificate of arrival prescribed by section 4, subd. 2, of the Naturalization Act, is an essential prerequisite to a valid decree or order of naturalization; that it is a matter of substance, and is indispensable to the filing of a petition; that it was designed to prevent aliens from procuring illegal and fraudulent certificates of naturalization. United States v. Ness, 38 S. Ct. 118, 245 U. S. 319, 62 L. Ed. 321. It follows that, unless the lawful arrival and formal admission, after inspection by the Immigration Bureau, is affirmatively shown, the residence of an alien, either actual or constructive, is presumptively unlawful, and vitiates his proof of residence, declaration of intention, and petition for naturalization ab initio. Such an alien is incapable of acquiring a legal, bona fide residence upon which to predicate a valid declaration of intention under the Naturalization Law, and not entitled to favorable consideration on a petition for naturalization.

The petition will accordingly be denied.