## ALBERTS v. UNITED STATES.

Circuit Court of Appeals, Sixth Circuit. October 11, 1927.

No. 4947.

Criminal law ⚖=1131(4)—Writ of error, manifestly brought only for delay, will be promptly dismissed, if brought to attention of court.

Proceeding in error on frivolous grounds, perfected after long and unnecessary delay, will be promptly dismissed, if called to attention of court by district attorney.

In Error to the District Court of the United States for the Northern Division of the Eastern District of Michigan; Arthur J. Tuttle, Judge.

William Alberts was convicted of an offense, and he brings error. Writ dismissed.

Charles A. Higgs, of Bay City, Mich., for plaintiff in error.

Donald B. Frederick, Asst. U. S. Atty., of Detroit, Mich.

Before DENISON and MOORMAN, Circuit Judges, and RAYMOND, District Judge.

PER CURIAM. It appearing upon final hearing that the errors assigned are plainly frivolous, the writ of error will be dismissed; mandate will issue forthwith.

The case furnishes an illustration of delays which should not occur. Motion for a new trial was denied August 13, 1926. A bill of exceptions, covering 38 printed pages, could well have been settled in a few days; but it was not done until March 19, 1927. In such a case the court may well refuse to permit so much delay, even if there is consent by the district attorney, in whose office all matters which postpone execution of a sentence should, in our judgment, be given precedence over most, if not all, other business. If a review proceeding, so devoid of merit as this one, when docketed here, is brought to our notice by the district attorney, final disposition will be prompt.

---

## Petition of LONGO.

District Court, E. D. Michigan. September 19, 1927.

No. 16326.

Aliens ⚖=62(5)—Declaration of intention as basis for naturalization can be made only by legal resident of United States.

Declaration of intention as basis for petition for naturalization can be legally made by an alien only when he is legally a resident of the United States.

Naturalization Proceeding. Petition of Antonio Longo for naturalization. Denied.

TUTTLE, District Judge. The petition for naturalization No. 16326 of Antonio Longo, filed with this court on August 5, 1926, came on regularly for hearing on September 19, 1927. The following facts were presented to the court:

(1) The petitioner was born in Italy, May 27, 1894.

(2) Petitioner landed in the United States some time in 1919. He did not, upon his arrival in this country, comply with the immigration laws requiring him to submit himself for inspection as an immigrant and to pay a head tax.

(3) On October 6, 1919, he declared his intention to become a citizen.

(4) On March 9, 1921, for the first time, he paid a head tax, was inspected by immigration officials, and secured a legal entrance into the United States.

The court holds that, since this petitioner did not secure a legal entrance into the United States for permanent residence purposes until March 9, 1921, his declaration of intention, dated October 6, 1919, is invalid and insufficient upon which to base a petition for naturalization. Under the law, it seems apparent that a declaration of intention can be made legally by an alien only when he is legally a resident of the United States. In re Connal (D. C.) 8 F.(2d) 374; In re Jensen (D. C.) 11 F.(2d) 414.

Petition denied.