## UNITED STATES v. MARCUS.
### No. 4271.

District Court, D. New Jersey.
July 29, 1932.

Phillip Forman, U. S. Atty., of Trenton, N. J., and Oliver Randolph, Asst. U. S. Atty., of Newark, N. J.

Glenn & Glenn, of Atlantic City, N. J., for respondent.

AVIS, District Judge.

The United States, through its attorney, filed a petition, praying cancellation of naturalization certificate issued to the respondent.

The facts are that the respondent, a native of Hungary, filed her declaration of intention in the name of Mary Marcus, in the state of New York, in the year 1922. She removed to New Jersey in 1925. Subsequently, she filed her petition for naturalization in the Atlantic county common pleas court, and in November, 1928, the petition was granted and certificate issued.

Petitioner attacks the validity of the certificate and asks for its cancellation on the ground that the respondent falsely stated in her petition, in answering the question as to her marital status, that she was single, whereas in fact she was then married, the ceremony having been performed in Hungary on May 11, 1928; her claimed husband's name being Armin Markowitz. Respondent admits the marriage, but says it was solemnized by a magistrate, and that it would not be complete, so far as she and her family were concerned, until solemnized by the religious organization to which she belonged.

By admission, however, it was a valid civil marriage. Respondent in her testimony endeavors to explain the omission, by stating that prior to filing her petition for naturalization she talked with some of her friends, who advised her to withhold of the information of her marriage as it might in some way prevent her naturalization.

The statute with relation to contents of the petition for naturalization (8 USCA § 379), among other things, requires the petitioner, in his own handwriting, "if he is married he shall state the name of his wife and, if possible, the country of her nativity and her place of residence at the time of filing his petition."

This portion of the law with relation to marital relation applies to the female as well as the male sex.

No question of jurisdiction is raised, but the respondent claims that the certificate was not obtained by fraud and was not illegally issued.

The fact that the respondent was married at the time of naturalization would not have justified the court in refusing the petition on that ground alone. See 8 USCA § 367.

The respondent, however, was asking for a great privilege, and it was her duty to be entirely honest in answering the questions propounded to her. The statute required that the information be given. She deliberately stated an untruth, and executed an affidavit, swearing that the statements in the petition were true. If it had appeared to the court before signing the order, it is extremely doubtful if the certificate would have been authorized, on the ground that she was not of good moral character. I do not believe I could authorize the cancellation of the certificate on that ground. However, I am satisfied there was at least constructive fraud. If the facts had been stated, an investigation might have developed circumstances with relation to the marriage which might have induced the court to have refused naturalization. The authorities had the right to know

all of the facts before submission of the petition. No reflection upon the respondent is intended in that respect, but there has been shown an entire lack of good faith, which amounts to fraud, coming within the terms of the statute. See In re Zychole (E. D. Mich. S. D.) 43 F.(2d) 438. I do not understand that a cancellation will affect the right of respondent to reapply for citizenship.

Decree will be entered accordingly, without prejudice to the filing of a new application according to the law.