### UNITED STATES v. GOLDSTEIN.
#### No. 8499.

District Court, E. D. New York.
Dec. 15, 1939.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (Morris K. Siegel, Asst. U. S. Atty., of New York City, of counsel), for plaintiff.

Arthur Dunaif, of Brooklyn, N. Y. (Louis Timberg and Rubin Mazel, both of Brooklyn, N. Y., on the brief), for respondent.

CAMPBELL, District Judge.

This suit is instituted under Section 15 of the Naturalization Act of June 29th, 1906 as amended, 8 U.S.C. § 405, 8 U.S.C.A. § 405, to cancel the naturalization certificate of the respondent, Isac Goldstein, upon the ground that the said certificate was illegally and fraudulently procured, in violation of the said Act, 8 U.S.C., §§ 379, 382 and 405, 8 U.S.C.A. §§ 379, 382, 405, and also in violation of Section 1(c) of the Act of May 22nd, 1918, 40 Stat. 559, 22 U.S.C., § 223(c) and Act March 2, 1921, 41 Stat. 1217, § 227, 22 U.S.C.A. §§ 223(c), 227, in that (1) respondent never established a lawful residence in the United States, in that he entered this country illegally and pursuant to a fraudulently procured passport, and (2) respondent wilfully and fraudulently made false statements in his declaration of intention and in his petition for citizenship as to his name; (3) he had not behaved as a person of good moral character during the five year period next preceding the filing of the said petition for citizenship.

The facts are as follows: On March 7th, 1899, the respondent was born in Huden, Hungary. On or about October 2nd, 1923, respondent arrived in the United States on the vessel "Constantinople" under the name of Israel Grun upon a passport issued to him in the name of Israel Grun.

On or about December 28th, 1928, the above named respondent made a declaration of intention in the United States District Court, for the Southern District of New York, in the name of Israel Grun, stating that he was 27 years of age.

On January 22nd, 1931, the respondent filed a petition for citizenship in the United States District Court, for the Southern District of New York, in the name of Isac Goldstein, and was admitted to citizenship on July 9th, 1931. A certificate of citizenship was issued to him.

On January 22nd, 1931, an examination was conducted by former United States Naturalization Examiner, Shelby Ogden, in connection with the filing of the said petition, and the said Isac Goldstein stated that his true name was Isac Goldstein, and that he had used the name of Israel Grun at the time of his arrival in this country, because it was the maiden name of his mother.

On May 11th, 1936, an examination was conducted by Immigrant Inspector, Marcus Rebach, in the presence of Susanna Kramer, stenotypist, and respondent therein stated that his real name was Isac Goldstein, and not Israel Grun, and that he had used the name of Israel Grun for the purposes of evading military service in Roumania. On the said examination respondent also admitted that Israel Grun was his cousin, two years his junior, and that he, respondent, had obtained his passport to the United States, by making false declarations as to his name and age, and also that the statement in the declaration of intention, as to his name, was untrue.

We will now proceed to consider the law as applied to the facts as found.

█ Title 8, U.S.Code, Section 382, 8 U.S.C.A. § 382, provides, in part as follows:

"No alien shall be admitted to citizenship unless (1) immediately preceding the date of his petition the alien has resided contin-

uously within the United States for at least five years * * * ."

The term "residence", as used in this Act, is "legal residence", and anyone who enters this country illegally cannot thereby acquire a legal residence as a basis for application for citizenship. In re Scriver, D.C., 9 F.Supp. 478; Zartarian v. Billings, 204 U.S. 170, 27 S.Ct. 182, 51 L.Ed. 428; Kaplan v. Tod, 267 U.S. 228, 45 S.Ct. 257, 69 L.Ed. 585; In re Jensen, D.C., 11 F.2d 414, 415; Petition of Connal, D.C., 8 F. 2d 374, 375.

■ The use of a fraudulently procured passport to gain admission to this country is unlawful. Section 1(c) of the Act of May 22nd, 1918, 22 U.S.C., § 223(c), 22 U.S.C.A. § 223(c), as amended by Section 1 of the Act of March 2nd, 1921, 22 U.S. C., § 227, 22 U.S.C.A. § 227, in part, provides:

"Section [§] 223 * * * · it shall * * * be unlawful— * * * (c) For any person knowingly to make any false statement in an application for permission to depart from or enter the United States with intent to induce or secure the granting of such permission either for himself or for another."

■ False or fraudulent statements, or testimony, made or given by an applicant in his petition for naturalization, or at any stage of the naturalization proceedings, constitutes sufficient grounds for the cancellation of his naturalization certificate. Title 8, U.S.Code, §§ 379 and 405, 8 U.S. C.A. §§ 379, 405; United States v. Albertini, D.C., 206 F. 133; United States v. Marcus, D.C., 1 F.Supp. 29; United States v. Saracino, 3 Cir., 43 F.2d 76; United States v. Mansour, D.C., 170 F. 671.

■ The statements made by the respondent as to his name and date of birth, in order to enter the United States, were false and were wilfully and fraudulently made. Also the statements as to his name and date of birth in his declaration of intention, were false and wilfully and fraudulently made, and the certificate of arrival filed with the petition for naturalization was likewise false.

The respondent having wilfully and fraudulently entered this country on a passport issued in the name of his cousin, Israel Grun, and the age stated being two years younger than respondents' age, the naturalization certificate, granted to the respondent, should be cancelled.

■ Respondent contends that even though he may have entered this country under a false passport, and made the false statements hereinbefore referred to, his certificate should not be cancelled, because of the amendment of August 7th, 1939, 8 U.S.C.A. § 106a, which amended the existing law from "entered the United States prior to June 3rd, 1921", so as to read "entered the United States prior to July 31st, 1924", and that, as he entered the United States prior to July 31st, 1924, his certificate should not be cancelled.

I cannot agree with respondent's contention, as the Act, Chapter 536 of the Act of 1929, 45 Stat. page 1512, was passed to permit aliens who had no record of admission, to register and obtain a record, under certain conditions, but it applied only to any alien not ineligible to citizenship.

No record, such as therein described, was offered by the respondent but, on the contrary, what the respondent offered was a passport, not issued to him, but to his cousin, which act was a wilfully fraudulent one, and rendered the respondent ineligible for citizenship, and the Act of 1939 does no more than to extend the time from June 3rd, 1921 to July 31st, 1924, and does not otherwise change that which was allowed under the Act of 1929.

Clearly, neither the Act of 1929, nor the Act of 1939, does anything to make possible the granting of citizenship based upon a certificate of arrival which was issued under the name and passport of a person other than the respondent, and if the respondent had applied for a certificate of arrival under the provisions of either of those acts, he could only have obtained it upon a satisfactory showing to the Commissioner General of Immigration.

A decree may be entered in favor of the plaintiff, against the respondent with costs.

Settle decree on notice.

Submit proposed findings of fact and conclusions of law, in accordance with this opinion, for the assistance of the Court, as provided by the Rules of Civil Procedure, and the Civil Rules of this Court.