## DEL GUERCIO v. PUPKO.

### No. 11284.

Circuit Court of Appeals, Ninth Circuit.

March 27, 1947.

James M. Carter, U. S., Atty., and Ronald Walker and Clyde C. Downing, Asst. U. S. Attys., all of Los Angeles, Cal. (Bruce G. Barber, Chief, Adjudications Div. Imm. & Nat. Service, of Los Angeles, Cal., on the brief), for appellant.

Morris Lavine, of Los Angeles, Cal., for appellee.

Before STEPHENS, HEALY, and BONE, Circuit Judges.

HEALY, Circuit Judge.

In the proceeding below the court admitted appellee to citizenship contrary to the recommendation of the Naturalization Service that her petition in that behalf be denied for failure to establish the statutory requisite of good moral character. The Director appeals.

The facts are these: Preliminary to filing her petition for naturalization in July of 1944 appellee submitted to the Service her application to file the petition. This form contained a question reading, "Have you ever been arrested or charged with violation of any law of the United States or State or any city ordinance or traffic regulation? If so, give full particulars." Appellee, in her own handwriting, answered the question "No." Just prior to executing the oath to her petition before the clerk of the district court, appellee was sworn by an examiner for the Service who propounded the same question orally. The applicant again gave a negative answer. After the filing of the petition the question was orally repeated by another examiner in the course of an interrogation of appellee and her witnesses, and the same answer was given under oath.

As a result of a collateral investigation subsequently pursued the Service learned that appellee had been arrested in Palm Springs, California, in February of 1943 on a morals charge and for having registered at a hotel under a name other than her own, in violation of certain ordinances of that city, and had been convicted on both charges. An officer of the Service thereupon confronted her with a copy of the conviction record. She admitted then, and also admitted in her testimony in the naturalization proceeding before the district court, that she had deliberately concealed the fact of her arrest and conviction, that is to say, that she had knowingly sworn falsely in her repeated answers to the question. Her explanation on both occasions was that she had determined not to reveal the incident in the feeling that should she do so her application would immediately be denied, whereas if she made no disclosure the fact would be found out by the immigration people and she would then have a chance to explain it.

In her testimony before the court in respect of the Palm Springs affair, appellee admitted the truth of the charge that she had registered under a name not her own. Her motive in doing so, she said, was not wrongful, and she was unaware that such an act was an offense. As to the morals charge she protested her innocence, explaining circumstantially that she had been the mere victim of appearances. Implicit in

the court's decision is the finding that, as explained by the applicant, the Palm Springs incident did not reflect adversely upon her moral character. The evidence amply supports this finding. Cf. Estrin v. United States, 2 Cir., 80 F.2d 105. However, the giving of false information to the Service is another matter, and on this phase we think the court fell into error.

Section 307(a) of the Nationality Act of 1940, 8 U.S.C.A. § 707(a) so far as pertinent, provides that no person shall be naturalized unless for at least five years preceding the date of filing his petition for naturalization he has resided continuously within the United States, and during all that time "has been and still is a person of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States." Section 333(a) of the Act, 8 U.S.C.A. § 733(a), empowers the Commissioner to designate members of the Service to conduct preliminary hearings upon petitions for naturalization and to make findings and recommendations thereon to the court. The examiners are authorized to take testimony concerning any matter touching the admissibility of applicants, and to administer oaths to a petitioner and his witnesses. The submission of the form signed by appellee here, as well as the carrying on of oral examinations, are provided for by regulation as steps in these preliminary inquiries.[1] Further, § 346(a) (1) of the Act, 8 U.S.C.A. § 746(a) (1), makes it a felony for any alien or other person, whether or not an applicant for naturalization or citizenship, "knowingly to make a false statement under oath, either orally or in writing, in any case, proceeding, or matter relating to, or under, or by virtue of any law of the United States relating to naturalization or citizenship."

Appellee's grave fault lay in her falsification of a matter concerning which the government was obviously entitled to be informed. Her professed purpose was, not to make a disclosure of the incident at some later and supposedly more opportune stage, but merely to attempt an explanation in the event the Service should chance to stumble upon the truth. There is nothing unique in such a motive; doubtless much the same idea animates every aspirant for citizenship who gives an untruthful answer to a material inquiry. Should the courts condone these deceitful practices the whole procedure preliminary to naturalization would be effectively undermined and the declared purpose of Congress frustrated. Cf. Knauer v. United States, 328 U.S. 654, 66 S.Ct. 1304; United States v. Goldstein, D.C., 30 F.Supp. 771, 773. Clearly, the perpetration of such a fraud upon the government in the very process of naturalization involves moral turpitude and exhibits the unfitness of the applicant for the high privilege of citizenship. It follows that the order below must be reversed.

So ordered.

---

[1] Consult §§ 370.1 and 370.8, Title 8, Code of Federal Regulations.