## UNITED STATES v. DOCHERTY.
### No. 14792.

United States Court of Appeals
Fifth Circuit.
April 22, 1954.

Douglas P. Lillis, Dist. Counsel, Immigration & Naturalization Service, James L. Guilmartin, U. S. Atty., Miami, Fla., for appellant.

No appearance entered on behalf of appellee.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

HUTCHESON, Chief Judge.

This appeal from an order [1] granting the petition for naturalization of the appellee, George Blakemore Docherty, presents a single question of law. This is: May it be found and held that an applicant for admission to citizenship who, while under oath, on his preliminary examination, in order to facilitate and insure his naturalization and thus obtain citizenship, gave false answers to material questions concerning his record of criminal arrests, prosecution and convictions, has established the good moral character the act requires, and is entitled to an affirmance of the judgment appealed from.

The applicant, content to rest upon the judgment he obtained below, has not appeared either in person or by brief.

The United States, here by brief and oral argument, insists that the finding on which the grant of naturalization was based is contrary to accepted moral principles and standards and to the holdings and teachings of the cited cases,[2] and that the grant of naturalization may not stand.

Giving all possible weight to the applicant's service in the United States Navy from January, 1944, to April, 1946, and his honorable discharge therefrom, and to the fact that, in his numerous brushes with the law, information as to which was withheld by him, the applicant had not been convicted of a felony, we are constrained to agree with the position of the United States.

The order and judgment appealed from is therefore reversed and the cause is remanded for further and not inconsistent proceedings.

1. "Petition for Naturalization
of
George Blakemore Docherty

 Petition
 No. 12,176

"The above described petition for naturalization heard in open Court this date, the recommendation of the Designated Examiner of the Immigration and Naturalization Service being for denial on the ground that the petitioner had failed to establish good moral character during the required period. The examiner based his recommendation on the finding of fact that the petitioner had swore falsely concerning his arrest record in order to facilitate his naturalization. As to the statement of facts there is no disagreement but as to the finding that petitioner is not of good character, I disagree. Based on his record as a whole, including his honorable service in the United States Armed Forces, it is my conclusion that the petitioner has established good moral character as required by Sec. 324a of the Nationality Act of 1940.*

"Wherefore, It Is Ordered that the petition for naturalization of George Blakemore Docherty be, and the same is hereby, granted.

 (s) George W. Whitehurst, Judge."

\* Now 8 U.S.C.A. § 1440.

2. In re Talarico, D.C., 197 F. 1019; Petition of Ledo, D.C., 67 F.Supp. 917; Sodo v. United States, 406 Ill. 484, 94 N.

E.2d 325; United States v. Etheridge, D. C., 41 F.2d 762; Ralich v. United States, 8 Cir., 185 F.2d 784; United States v. Harrison, 9 Cir., 180 F.2d 981; United States v. Accardo, D.C., 113 F.Supp. 783; Del Guercio v. Pupko, 9 Cir., 160 F.2d 799. In the last case, the court dealing with the question for decision here, said 160 F.2d at page 800:

"Appellee's great fault lies in her falsification of a matter concerning which the government was obviously entitled to be informed. Her professed purpose was, not to make a disclosure of the incident at some later and supposedly more opportune stage, but merely to attempt an explanation in the event the Service should chance to stumble upon the truth. There is nothing unique in such a motive; doubtless much the same idea animates every aspirant for citizenship who gives an untruthful answer to a material inquiry. Should the courts condone these deceitful practices the whole procedure preliminary to naturalization would be effectively undermined and the declared purpose of Congress frustrated. Cf. Knauer v. U. S., 328 U.S. 654, 66 S.Ct. 1304 [90 L.Ed. 1500]; U. S. v. Goldstein, D.C., 30 F.Supp. 771, 773. Clearly, the perpetration of such a fraud upon the government in the very process of naturalization involves moral turpitude and exhibits the unfitness of the applicant for the high privilege of citizenship."