UNITED STATES of America, Petitioner,

v.

Amando Sulimenario LUMANTES, Respondent.

No. 32760.

United States District Court
N. D. California, S. D.
March 28, 1955.

Lloyd H. Burke, U. S. Atty., James B. Schnake, Asst. U. S. Atty., San Francisco, Cal., for petitioner.

Jackson & Hertogs, San Francisco, Cal., for respondent.

EDWARD P. MURPHY, District Judge.

This is a denaturalization proceeding against one Amando Sulimenario Lumantes. The basis of the government's case is that Lumantes stated in his preliminary form for petition for naturalization and in his oral examination by the preliminary examiner that he was not then and had never been married. The fact is, and it is admitted by respondent, that at that time and presently Lumantes is married to Angela Munar.

The questions to be decided are two:

(1) Is the concealment of marriage a material fact?

(2) Has the government proved by the "clear, unequivocal, and convincing" evidence required by Schneiderman v. United States, 1943, 320 U.S. 118, 63 S.Ct. 1333, 87 L.Ed. 1796, and Baumgartner v. United States, 1944, 322 U.S. 665, 64 S.Ct. 1240, 88 L.Ed. 1525, that Lumantes willfully misrepresented his marital status, with knowledge of the falsity and an intent to deceive the government.

I believe that the answer to both these questions is "yes". The petition for revocation of naturalization will be granted.

## I. *Materiality*

■ It is true that marital status is not a ground for denying naturalization nor would the mere fact of marriage by Lumantes have precluded his naturalization. But materiality ·is broader than this. The false answers of Lumantes closed an avenue of inquiry regarding Lumantes' good moral character. See, United States v. Albertini, D.C.Mont. 1913, 206 F. 133. In this case that avenue might well have proved interesting. Lumantes married Angela Munar in the Philippines in December, 1946, after knowing her a short time. He has not been back to the Philippines since that time. His later statements becloud the parentage of a child born to Angela prior to his marriage.

Naturalization is a great privilege, not lightly come by. The petitioner has a duty to answer honestly the questions propounded. Congress by statute, Sec. 332(a) of the Nationality Act of 1940, 54 Stat. 1154, 1156,[1] has dictated that these questions must be answered in the naturalization petition. This is clearly for the purpose of forming a basis for the government's inquiry into the petitioner's eligibility for naturalization. It is material. See, Roberto v. United States, 7 Cir., 1932, 60 F.2d 774; United States v. Marcus, D.C.N.J.1932, 1 F. Supp. 29; United States v. Albertini, D.C.Mont.1913, 206 F. 133.

## II. *Willful Misrepresentation*

■ This is primarily a factual question. It is enough to say that there is absolutely no doubt in my mind that Lumantes deliberately lied and intended to deceive the government when he falsely stated his marital status. His completely inconsistent explanations of the way the entry came to be on the form, his denial of the truth of his marriage when his wife sought entry, his deliberately equivocal and evasive answers when testifying before me can lead to only one conclusion—he knew he was married and deliberately and wilfully misrepresented his marital status.

■ I withheld ruling on the admissibility of Lumantes' later conviction for narcotics smuggling and the details of the crime. I now rule that they are admissible, both for the purpose of impeaching him and as evidence of similar acts showing intent. Although smuggling narcotics and a petition for naturalization, on their face, involve different acts, they are closely relevant when we are concerned with fraud. The smuggling offense shows a propensity knowingly to deceive government officials.

1. Now 8 U.S.C.A. § 1445.

This is the exact intent with which we are here concerned.

Let findings of fact, conclusions of law and a proposed judgment be prepared and submitted in accordance with the local rule.