"The matter of costs is usually regulated by statute, but it is the general rule that, in an action prosecuted by a next friend for an infant, the infant is not primarily liable for costs of an unsuccessful suit. These must be borne, in the first instance, by the next friend or guardian ad litem, and this very liability has frequently been said to be one of the reasons for the appointment of a next friend or guardian ad litem." 14 Ency. of Pl. and Pr. 1044.

"The next friend or guardian ad litem of an unsuccessful infant plaintiff is as a general rule liable for costs, especially where the suit was needlessly or recklessly brought for the interest of the infant. The guardian ad litem of an infant defendant is not ordinarily chargeable with costs, unless in case of gross misconduct on his part; but it has been held that a guardian ad litem, who appeals on behalf of an infant defendant, is liable for the costs of appeal, where the judgment is affirmed." 22 Cyc. 710.

The rule thus stated is amply supported by the authorities cited. In Vance v. Fall, 48 Iowa, 364, it was held that the next friend of an infant plaintiff is liable for costs, in the absence of a statute providing otherwise. In the course of the opinion of the court, Rothrock, Chief Justice, said:

"At common law, and by the Statute of Westm. 16, 48, and 2 C. 15, an infant cannot sue in his own name, but the action must be brought by his guardian or next friend. The Code (section 2565) provides that an action of a minor must be brought by his guardian or next friend. This is a simple recognition of the common-law rule. The rule always has been, and the Code provides, that 'costs shall be recovered by the successful against the losing party.' Whatever exceptions there may be to this rule need not now be considered. Our statute being merely declaratory of the common law, the question presented by this appeal must be determined by ascertaining the rights of the parties, independent of any statute. It appears that it has almost uniformly been held that the next friend of an infant plaintiff is liable for costs, except in those jurisdictions where such liability is regulated by statute. Schouler's Dom. Relations, 594, and authorities cited in notes; 1 Am. Leading Cases, 325, 329; Bacon's Abridgment, vol. 3, 153. At common law, the next friend of an infant plaintiff was not a competent witness in the action, because of his liability for costs. 1 Greenleaf's Evidence, §§ 347, 391. Code 1851, § 1689, provided that the next friend should be responsible for costs. In the Revision of 1860, and in the present Code, there is no such express provision. It may be said that the repeal of the provision making him liable indicates a legislative intent that there should be no such liability. We think, however, that, as that provision was merely declaratory of the common law, it may well be said it was omitted because the next friend is liable without any statutory enactment."

For the foregoing reasons, I am of opinion that the judgment for costs was properly entered against the guardian ad litem, and the motion to modify the judgment is accordingly denied.

In re PAGE.

(District Court, E. D. Michigan, S. D. April 14, 1913.)

ALIENS (§ 68*)—NATURALIZATION—CERTIFICATE OF ENTRY.

It is not ground for refusing naturalization to an alien, otherwise qualified, that the certificate of his entry into the United States, duly made by the Department of Commerce and Labor, and filed with his petition as required by Naturalization Act June 29, 1906, c. 3592, § 4 (2), 34 Stat. 596 (U. S. Comp. St. Supp. 1911, p. 529), was not based on the record of

his' entry, but on information otherwise obtained by the department; it appearing that through oversight of the inspector he was not registered.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 138-145; Dec. Dig. § 68.*]

On petition by Dell Hayes Laverne Page to be admitted a citizen of the United States and objections thereto. Petition granted.

Bethune Duffield, of Detroit, Mich., for petitioner.

Merton A. Sturges, of Chicago, Ill., opposed.

TUTTLE, District Judge. The petitioner was born at Ridgetown, Ontario, Canada, on October 7, 1888, and is a citizen of Canada. He came to Detroit, Mich., in the United States, on May 15, 1907, crossing from Windsor on the ferry, landing at the regular landing for inspecting foreigners. His baggage was examined by the inspectors at the customhouse, but through ignorance of the law on his part and oversight on the part of the emigration inspectors he was not registered at the emigration office. He has resided here in Detroit ever since that time, and was graduated from the Detroit College of Law on June 20, 1912. On February 26, 1909, he took out his first papers of citizenship before the clerk of the circuit court for the county of Wayne, at Detroit, Mich. Thereafter, and for the express and announced purpose of securing naturalization papers, he presented himself for examination before the United States inspector at Detroit, and made a satisfactory showing that he had resided continuously in the city of Detroit, Mich., from May 15, 1907. The inspector at Detroit made a report to the Department of Commerce and Labor at Washington, which department thereupon issued a certificate showing that the petitioner had arrived at Detroit on May 15, 1907, which certificate was filed with this petition. Said certificate had an indorsement upon the back thereof showing that it was not based upon registry at the time of entry, but was issued as the result of an examination subsequently conducted by the inspector in charge at Detroit, and reaffirms and admits that the petitioner did actually enter on May 15, 1907. Said indorsement further states that the petition was granted solely for the purpose of allowing the alien to file a petition so that the court in which such petition is filed might judicially determine whether the certificate of arrival required by section 4 of the Naturalization Act (Act June 29, 1906, c. 3592, 34 Stat. 596 [U S. Comp. St. Supp. 1911, p. 529]) must be made up from the registration prescribed in section 1 of said act.

The naturalization officer now objects to the granting of the prayer of the petition on the ground that the petitioner had not complied with the requirements of Emigration Act Feb. 20, 1907, c. 1134, 34 Stat. 898 (U S. Comp. St. Supp. 1911, p. 499), and especially with the requirements of section 2 of said act, providing for the inspection of aliens from Canada, and of rule 12, made in pursuance of said section. An examination of section 44 of said Emigration Act will show that section 32 of that act did not take effect until July 1, 1907, and was not in force at the time the petitioner entered the United States.

This certificate is regular in form upon the face thereof. It complies with all the requirements of the fourth paragraph of the second subdivision of section 4 of the Naturalization Act, which reads as follows:

"At the time of filing his petition there shall be filed with the clerk of the court a certificate from the Department of Commerce and Labor, if the petitioner arrived in the United States after the passage of this Act, stating the date, place, and manner of his arrival in the United States * * * which certificate * * * shall be attached to and made a part of his petition."

The indorsement upon the back of the certificate does not affect the genuineness of the signature or the correctness of the information stated in it. This certificate complies with the requirements of the law. This ruling of the court cannot in any way work to the detriment of the rigid enforcement of the emigration laws by the Department of Commerce and Labor. They were not required to issue the certificate; and, having issued it in this case, there is no reason why they must do so in a similar case in the future. The Naturalization Act requires records of entry to be kept by the Emigration Department. The court is of the opinion that they would be warranted in refusing a certificate of entry unless such entry was shown by their records. However, that question is not before this court at this time. If proceedings are ever brought by an alien to compel the issuance of a certificate of entry upon other showing than the records of the emigration office, it will be time enough for the court to pass upon that question. When the Department of Commerce and Labor see fit to issue a certificate showing the entry of an alien, they ought not to be heard to say in opposition to the admission of the alien to citizenship that, while the certificate is genuine and states the truth, the court ought not to give any weight to it because the official issuing it did not have proper proof before him.

The petitioner will therefore be admitted to citizenship on taking the proper oath at the next regular naturalization hearing in this court.

---

## STARKE v. HOERNING.

(District Court, E. D. Michigan, S. D. April 14, 1913.)

### No. 5,582.

REMOVAL OF CAUSES (§ 75*)—JURISDICTION OF FEDERAL COURT—AMOUNT IN CONTROVERSY.

Where, in an attachment suit begun in a state court, the defendant has not been served nor entered a general appearance, but appeared specially and filed a petition for removal, the amount in controversy, for the purpose of determining the jurisdiction of the federal court on a motion to remand, is limited to the indebtedness claimed in the affidavit for attachment, which is the full amount for which the court could render judgment, in the absence of personal jurisdiction over the defendant.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 132; Dec. Dig. § 75.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes