In re McPHEE.

(District Court, E. D. Pennsylvania. November 29, 1913.)

No. 9,886.

ALIENS (§ 68*)—NATURALIZATION—CONSTRUCTION OF STATUTE.

The certificate from the Department of Labor, which an applicant for naturalization is required to file with his petition by Naturalization Act June 29, 1906, c. 3592, § 4, 34 Stat. 596 (U. S. Comp. St. Supp. 1911, p. 529), showing the date, place, and manner of his arrival, is not necessarily the same certificate which it is provided by section 1 (U. S. Comp. St. Supp. 1911, p. 124) shall be issued to an immigrant on his registry by the Commissioner of Immigration, nor need it be made up from the record of his registry, since he may be admitted to citizenship on proof of the requisite facts, although he did not come into the United States through a regular port of entry.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 138–145; Dec. Dig. § 68.*]

In the matter of the petition for naturalization of George McPhee. Petition granted.

Jerome C. Shear, Chief Naturalization Examiner, of Collinswood, N. J., for the United States.

THOMPSON, District Judge. The objection of the Naturalization Examiner to the granting of the petition for naturalization in this case raises the identical questions considered by Judge Orr in the Western district of Pennsylvania in the case of In re Schmidt, 207 Fed. 678. Aside from the desirability of conformity with the decisions of the courts in this circuit, I entirely concur in the reasoning and conclusions of Judge Orr in that case, in which Judge Young concurred.

It is therefore ordered that the prayer of the petition be granted. The petitioner may be admitted to citizenship on taking the proper oath at a naturalization hearing in this court.