## UNITED STATES ex rel. GIOIA et ux. v. CURRAN, Immigration Com'r.

(District Court, S. D. New York. May 8, 1924.)

Aliens ⊙=46—Alien seaman, entering illegally, could not be excluded on return from temporary absence, unless he was in excluded class when he entered illegally (Immigration Act, §§ 19, 34 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 4289¼jj, 4289¼s]; Quota Act, § 2 [d], being Comp. St. Ann. Supp. 1923, § 4289½a; Immigration rule 6, H, pars. I, 2).

Under Immigration Act, § 34 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼s), and immigration rule 6, H, pars. 1, 2, that alien seaman illegally entered United States does not make his presence unconditionally illegal, even within first three years, and such a seaman, claiming right to re-enter upon return from temporary visit abroad, under Quota Act, § 2 (d), being Comp. St. Ann. Supp. 1923, § 4289½a, could be excluded onl, if at time of his illegal entry he was in excluded class; Immigration Act, § 19 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj), not being applicable.

Habeas Corpus. Proceeding by the United States, on the relation of Alberto Gioia and wife, Maria Gioia, against Henry H. Curran, Commissioner of Immigration at port of New York, on exclusion of alien relators. Writ sustained, and reference ordered.

John M. Lyons, of New York City, for the writ.

James C. Thomas, of New York City, opposed.

LEARNED HAND, Circuit Judge. I think that this writ must be sustained. The question turns upon the meaning of section 34 of the Immigration Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼s) and of section 2 (d) of the Quota Act (Comp. St. Ann. Supp. 1923, § 4289½a), especially upon that clause in the second proviso of the lat-

ter which reads, "aliens returning from a temporary visit abroad." This alien came in originally on August 28, 1920, as a deserting seaman, and his entry was therefore illegal. He lived here continuously until January 29, 1924, when he went abroad to fetch back his wife. As he had declared his intention to become a citizen before leaving, and had filed an affidavit stating that his absence was to be temporary, it must be assumed that he had the animus manendi which would ordinarily have given him a domicile. When he arrived, he and his wife were both in excess of the Italian quota, and were excluded for that reason. His claim to come within the language already quoted was denied, because his original entry was illegal.

It was held in U. S. ex rel. Patton v. Tod (C. C. A. March 10, 1924) 297 F. 385, that the words "reside permanently," in section 5 of the Act of March 2, 1907 (Comp. St. § 3962), and "dwelling in the United States," in Rev. St. § 2172 (Comp. St. § 4367), both presupposed a legal presence within its borders. To be sure, the case involved citizenship; but the question nevertheless was whether a person might acquire a residence or a dwelling place here whose presence was illegal. I accept this decision as equally applicable to exclusion and deportation cases, when the right of entry depends upon a previous residence within the United States. Certainly it would be absurd to say that an alien might lawfully enter, who could have been deported, had he never left.

But in the case at bar I think that the record fails to show that the relator's presence within the country was illegal when he left in January of this year. It is necessary in his case to distinguish between an illegal entry and illegal presence in the United States. Section 34 of the Immigration Act provides that "any alien seaman who shall land in a port of the United States contrary to the provisions of this act shall be deemed to be unlawfully in the United States, and shall, at any time within three years thereafter, * * * be * * * brought before a board of special inquiry for examination as to his qualifications for admission,

* * * and if not admitted * * * shall be deported." See, also, immigration rule 6, H, paragraphs 1 and 2.

It is apparent that the mere illegal entry of a seaman does not, therefore, even within the period of three years, make his presence here necessarily illegal, so as to justify his deportation. In that he differs from other aliens described in section 19 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj). If upon his examination he proves "his qualifications for admission," his illegal entry will not count against him. Thus, even during the first three years, the presence of a seaman who has entered illegally is not unconditionally illegal, but there must be some independent ground for his exclusion under the general provisions of the act.

It may be argued that the expiration of three years makes his presence legal ab initio, and that, even though he were originally excludable, the lapse of time has cured it. But I need not go so far. While he may not be deported after that time, it does not follow that the statute condones the illegality of his presence all along. That question does not come up at the present time, and I reserve it until it be ascertained whether the facts in this case require its decision. In the case at bar the alien was excluded without any consideration as to whether at the time of his illegal entry he was among the excluded classes. An answer to that question was essential to his exclusion, and the proceedings were irregular, because it was not considered. Should it appear that he was so excluded by the statute independently of his illegal entry, then the question will be presented whether the statute cured his illegal residence by the lapse of time.

The cause is referred to William Parkin, Esq., to ascertain whether, when the alien illegally entered on August 28, 1920, he was otherwise qualified for admission. If so, he may enter, and his wife with him, under my decision in Variano's Case. If not, the cause will come back for further hearing. If the United States does not wish to contest this issue, the aliens will be admitted at once.

Writ sustained, and reference ordered.