## In re LACKIDES.

(District Court, S. D. New York. October 9, 1925.)

Aliens ⟨⊚⟩53—Alien seaman, having entered before the requirement of immigration visa, held not subject to deportation solely because of lack thereof (Immigration Acts Feb. 5, 1917, § 34, 39 Stat. 896 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼s]; May 26, 1924, §§ 20, 25, 31(c), 43 Stat. 164, 166, 169 [Comp. St. Supp. 1925, §§ 4289¾j, 4289¾ll, 4289¾n]).

Alien seaman unlawfully in United States is not subject to deportation under Immigration Act Feb. 5, 1917, § 34 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼s), solely because he has no immigration visa required by the Immigration Act of 1924, where his entry was before such requirement, in view of sections 20, 25, and 31(c) of latter act (Comp. St. Supp. 1925, §§ 4289¾j, 4289¾ll, 4289¾n).

In the matter of the petition of George Lackides, alien. Writ sustained, and petitioner discharged.

John D. Stephanidis, of New York City, for the alien.

The United States Attorney, for the Commissioner of Immigration.

THACHER, District Judge. The petitioner herein, on June 21, 1922, entered the United States contrary to the provisions of the Immigration Act of February 5, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 959, 960, 4289¼a–4289¼u), and within three years from such entry was taken into custody and brought before a Board of Special Inquiry for examination pursuant to section 34 of the Act of February 5, 1917 (section 4289¼s). From the return herein it appears that the only possible objection to his admission at this time is the fact that he does not now possess an immigration visa as required by the Immigration Act of 1924 (Comp. St. Supp. 1925, §§ 4289¾–4289¾nn).

U. S. ex rel. Waltonen v. Commissioner of Immigration (no opinion), in which a writ was dismissed by Judge A. N. Hand on September 23, 1924, did not involve any of the provisions of the Immigration Act of 1924. The seaman in that case was given a hearing under the Act of February 5, 1917, and was excluded upon the ground that the quota provided in the Act of May 19, 1921 (Comp. St. Ann. Supp. 1923, §§ 4289½–4289½dd), for immigrants of his nationality, had been exhausted. The alien in that case arrived in the United States on August 1, 1921, after the passage of the Quota Act of May 19, 1921, and it was

decided that his status with reference to the quota was to be determined as of the date of the hearing.

No other authorities have been cited except Ex parte Marchant (D. C.) 3 F.(2d) 695, which is referred to hereafter.

It is quite apparent that the provisions of section 34 of the Act of February 5, 1917, granting to alien seamen unlawfully in the United States because of entry in violation of that act an examination as to their qualifications for admission, and providing for deportation only if they shall not be admitted after hearing, inhibits deportation for the unlawful entry, which by the statute is made merely ground for the arrest to be followed by examination with a view to admission. Undoubtedly the examination accorded is with respect to qualification at the time of the examination as such qualification may then be defined by law. It is therefore contended that since the Immigration Act of 1924 requires as a prerequisite of admission the possession of an immigration visa issued abroad by a consular or diplomatic officer of the United States, alien seamen who arrived in this country before such visas could be issued can no longer be admitted after examination under section 34 of the Act of February 5, 1917, although fully qualified for admission in every other respect. There is no question here of an exhausted quota. Deportation is justified solely upon the absence of a visa. If the government's contention is sound, the salutory provisions of the Immigration Act of 1924, primarily designed to prevent the departure from foreign lands of inadmissible aliens by requiring the issuance of immigration visas abroad, have completely nullified the provisions of section 34 of the Act of February 5, 1917. That no repeal of that section was intended is clear not only from section 25, but from section 20 of the Immigration Act of 1924 (Comp. St. Supp. 1925, §§ 4289¾ll, 4289¾j), the latter section relating particularly to alien seamen, and making no change in section 34 of the Act of February 5, 1917. It seems absurd to impute to Congress the intention to afford alien seamen unlawfully within the United States the right to an examination as to their qualifications for admission, and at the same time to deny them admission when fully qualified merely because not in possession of a paper which the law makes it impossible for them to have obtained without leaving the country. No such construction is necessary. The possession of a visa is not "a qualification" for ad-

mission within the meaning of section 34 of the Act of February 5, 1917, although it may be indispensable evidence thereof under the act of 1924, and the requirement of the latter statute that persons arriving in the United States after July 1, 1924, shall possess such evidence is certainly not retroactive in the sense that those arriving before that date should be similarly equipped. In section 31 (c) of the Immigration Act of 1924 (Comp. St. Supp. 1925, § 4289¾n), Congress was careful to provide: "(c) If any alien arrives in the United States before July 1, 1924, his right to admission shall be determined without regard to the provisions of this act, except section 23." Thus, so far as the right to admission is concerned, the statute not only was not retroactive, but its operation was carefully limited to persons arriving on or after July 1, 1924.

Reference was made upon the argument to the case of Ex parte Marchant (D. C.) 3 F.(2d) 695. The question here presented does not seem to have been raised in that case, for it appears from the opinion that upon the argument it was in effect admitted that if the petitioners were unlawfully in the United States they were subject to arrest and deportation. Section 34 of the Immigration Act of 1917, affording such petitioners, although unlawfully in the United States, the right to an examination as to their qualifications, was not mentioned in the opinion, and the questions raised in the case at bar were not presented or considered.

Since there is no evidence to warrant exclusion upon any ground except the absence of a visa, the writ in this case must be sustained and the petitioner discharged.