**UNITED STATES ex rel. DE VISSER v. FLYNN, District Director of Immigration.**

District Court, W. D. New York. March 18, 1927.

Aliens ☞53—Alien seaman, who fails to reship and engages in other employment, loses status as seaman under Immigration Act (Immigration Act 1917, § 34 [8 USCA § 166]).

An alien seaman, who, after temporary landing in United States, fails to reship and engages in other employment, loses his status as seaman, and the protection from deportation after three years given by Immigration Act 1917, § 34 (8 USCA § 166), and where he is a member of an excluded class is deportable at any time within five years.

Habeas Corpus. Petition by the United States on the relation of Eugene De Visser against William Flynn, District Director of Immigration, in charge at Buffalo, N. Y., for writ to secure relief from deportation order. Writ denied.

Leland G. Davis, of Buffalo, N. Y., for petitioner.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y. (Roy P. Ohlin, Asst. U. S. Atty., of Buffalo, N. Y., of counsel), for respondent.

HAZEL, District Judge. The relator is a British subject, born on the island of Ceylon. He first came to the United States in 1920, as a seaman on a Trans-Atlantic vessel sailing between Germany and the United States. On October 13, 1923, the steamship, upon which he sailed, arrived at Philadelphia, where he claims to have been examined by an immigration officer, and subsequently the vessel proceeded to Baltimore, where the trip ended. He was permitted to go ashore for the purpose of reshipping to foreign ports, but failed to do so on account of ill health,

and instead worked about the harbor at Baltimore. Subsequently he came to Buffalo, where he is employed as a night watchman in an industrial plant. After the expiration of more than three years, to wit, on November 29, 1926, he was apprehended under the Immigration Act of 1917. After a hearing, a warrant of deportation was issued on the ground that he is a native of an island or islands (not possessed by the United States) adjacent to the continent of Asia, situate south of the twentieth parallel north, west of the one hundred and sixtieth meridian of longitude east from Greenwich, and north of the tenth parallel of latitude south, and was likely to become a public charge at the time of his entry.

The relator's contention is that the sole question submitted for decision is whether his deportation is authorized under section 34 of the Immigration Act of February 5, 1917 (8 USCA § 166), providing a three-year limitation for the examination of alien seamen as to his qualification for entry, or under the Immigration Act of 1924 (43 Stat. 153), which enlarges the period of deportation for alien seamen; that, if the three-year limitation applies, the limited time having expired, the relator is not subject to deportation. But neither of those provisions apply, for the evidence shows that the relator belongs to the excluded classes; and he is no longer an alien seaman, his testimony showing that at Baltimore he failed to reship on a foreign vessel, and soon thereafter obtained other employment. See Hasenori Tanaka v. Weedin (C. C. A.) 299 F. 216.

In U. S. ex rel. Gioia v. Curran (D. C.) 11 F.(2d) 904, relied on by counsel for relator, the alien was a deserting seaman, who remained in this country for more than three years after landing. He had declared his intention to become a citizen, and, before going abroad to bring back his wife, filed his affidavit of temporary absence, but on his return he and his wife were excluded, because the Italian quota was filled. He made claim of right to re-enter under section 34 and that portion of section 2(d) of the Quota Act (Comp. St. § 4289½a) which deals with aliens returning from a temporary visit abroad, but his claim was refused on the ground that his original entry was illegal. The Circuit Court of Appeals for the Second Circuit, however, adopted a different view, and held that his re-entry could only be denied upon a showing that at the time of his original entry he was of the excluded classes.

The Lackides Case (D. C.) 10 F.(2d) 980, does not apply. There, though the alien

was a seaman and illegally in the United States, there was no question of his qualification to enter. The only question was his lack of an immigration visa under the act of 1924, and the court held that that act did not apply to persons entering before July 1, 1924, and he was permitted to remain.

It is therefore ruled that, inasmuch as the relator, at the time of his arrest, had lost his status as an alien seaman, he is deportable under sections 3 and 19 of the Immigration Act of 1917 (8 USCA §§ 136, 155), which provide that any alien of the excluded classes is deportable within five years after entry.