### In re CASSOVEL.

District Court, E. D. Pennsylvania.
December 13, 1927.

No. 82171.

James C. Crumlish, of Philadelphia, Pa., for petitioner.

G. W. Coles, U. S. Atty., of Philadelphia, Pa., opposed.

DICKINSON, District Judge. The conclusion reached is that the applicant should be admitted to citizenship.

#### Case Stated.

This is in effect a case stated. The question is whether in an application otherwise meritorious the form of certificate attached is a compliance with the act of Congress on the subject.

#### Discussion.

■ Admission to citizenship is a privilege to be enjoyed only as Congress has prescribed. Compliance, however, with the condi-

tions imposed by Congress ripens the privilege into a right. The only pertinent condition in the present case is that the petition of the applicant shall be accompanied as part of it with a certificate from the Department of Commerce and Labor "stating the date, place, and manner of his arrival in the United States." 8 USCA § 380. One of the requirements to eligibility to citizenship is that the resident shall have had a five-year residence in the United States. The immigration officials are required as part of their duties to "cause a registry to be made in the case of each alien arriving in the United States * * * of the name, age" (and included among much other detail) "the date of arrival * * * and, if entered through a port, the name of the vessel in which he comes." 8 USCA § 106. One purpose of the requirement of this certificate of arrival to accompany the petition for naturalization may be assumed to be a check upon the averment of residence. Whatever the motive for the requirement, it is there, and there must be compliance with it. Upon this question there is no difference of opinion, but upon the secondary question of what sort of a certificate is a compliance with the statute there is far from uniformity in the rulings. The question, however, is settled for this district by the ruling of this court in Re McPhee, 209 F. 143.

The only open question is whether the appended certificate here complies with the act of Congress. It does not differ from that in the McPhee Case, and it must in further consequence be held to be a compliance.

The naturalization inspector, who has filed with us a brief contra the admission of this alien, and who through his long and constant attention to kindred questions may be credited with expert knowledge, has presented very forcibly the opposing view voiced in several of the cases he has cited. To these he has added two reported in the current number of the advance reports.

The case at bar is attempted to be distinguished by an argument which, if accepted, would lead to the conclusion that the five-year residence had been more surely established in the Schmidt (D. C.) 207 F. 678, and McPhee Cases than in the present. We do not deem this, however, to be the question under consideration. The fact of a five-year residence must, of course, be established. If it is not, the certificate will not save the applicant. If likewise, as in the cases last cited, the court passing on the admission, views the circumstances of the entrance to this country to be such as to justify a refusal of the required fact findings, the applicant cannot be admitted. These findings are all for the court. The question here is a much narrower one. All the fact findings are conceded as having been made. The sole question is whether the certificate attached to the petition is a compliance with the act of Congress. The negative view is from the standpoint that nothing other than a registry kept in the manner required and in the book provided for that purpose will answer to the requirements of the naturalization laws.

The McPhee Case, as we view it, rules that a certificate in the form here used is sufficient, and the question is thus set at rest for this court.

The applicant may be admitted to take the oath of allegiance.