**In re FANARIOTIS.**

District Court, E. D. Pennsylvania. May 3, 1929.

Carl G. Kirsch, of Philadelphia, Pa., for petitioner.

John F. C. Gordon, Chief, Bureau of Naturalization, and G. W. Coles, U. S. Atty., of Philadelphia, Pa., opposed.

KIRKPATRICK, District Judge. The certificate of arrival attached to this petition for naturalization is in the following form:

"U. S. Department of Labor, Bureau of Naturalization.

"Certificate of Arrival, Division Ellis Island, New York.

"This is to certify that the following named alien arrived in the United States on the date and in the manner described below, at Ellis Island, New York.

"Name of alien: Fanariotis, Stelios.
"Date of arrival: September 1, 1923.
"Manner of arrival: Washington.
"Issue No. 518049.
"By direction of the Secretary of Labor:
"[signed]

Raymond F. Crist,
"Commissioner of Naturalization."

Indorsed across the face of the certificate is the following: "Data taken from crew list, member of crew, no record of admission for permanent residence."

The question involved has two aspects— one the formal sufficiency of the certificate, the other the sufficiency of the petition in substance, in view of the facts disclosed by the certificate. The formal sufficiency of the certificate is challenged on the ground that it does not disclose the inspection, registry, and payment of tax required of the petitioner by the immigration laws at the time of his entry. The statute requires only a certificate "from the Department of Labor * * * stating the date, place, and manner of his (the petitioner's) arrival in the United States." The District Courts for the Eastern and Western Districts of Pennsylvania and the Eastern District of Michigan, in the cases of In re Schmidt, 207 F. 678, In re McPhee, 209 F. 143, and In re Page, 206 F. 1004, have held that the fact that the certificate failed to show a regular entry at a port of entry did not vitiate it. So far as these decisions hold that certificates such as the one attached to this petition are sufficient formal compliance with the statute, I am in accord with them.

I do not think that the case of United States v. Ness, 245 U. S. 319, 38 S. Ct. 118, 62 L. Ed. 321, subsequently decided by the Supreme Court, compels a different conclusion. In that case the petition for naturalization had no certificate of any kind attached to it, although after filing the petition the petitioner applied for one, which was refused by the Bureau of Immigration and Naturalization. The court held that filing the certificate of arrival is a matter of substance, that without such certificate the petition is fatally defective, and that the naturalization court has no power to dispense with it and no jurisdiction to entertain the petition without it. It was pointed out that the real purpose of requiring a certificate of arrival in connection with the petition for naturalization is to furnish a natural starting point for the investigation by the examiners of the Bureau of Naturalization to determine whether the petitioner was within the class of aliens excluded by law, whether he is the same person whose declaration of intention to become a citizen is attached to the petition, and whether the minimum period of five years continuous residence has been complied with. It seems clear that this purpose is served by a certificate in the form here presented, which gives all the information required by the act of Congress which provides for it; that is, the date, place, and manner of the petitioner's arrival.

The second aspect of the question involved may be stated as follows: Does this petition disclose an unlawful residence, which cannot be made a basis for naturalization, because the certificate shows that the petitioner's entry was illegal? This certificate does not disclose that the petitioner was a deserting seaman, but this fact does appear in most of the cases of this nature, and, as it renders the position of the petitioner more favorable, if anything, it will be assumed.

In In re Jensen (D. C.) 11 F.(2d) 414, the court held that the residence of an alien who enters otherwise than after formal admission upon inspection by the Immigration Bureau is presumptively unlawful, and that such alien is incapable of acquiring a legal bona fide residence upon which to predicate the valid declaration of intention. In In re Connal (D. C.) 8 F.(2d) 374, the court, in arriving at the same conclusion, said:

"The petitioner could not become an American citizen until he began to reside permanently in the United States, and he has never been admitted to the United States as one seeking a permanent residence. To allow an alien to base his residence, for the

purpose of making his declaration of intention, upon a permission to remain temporarily for the purpose of reshipment, given without inspection, would tend not only to break down, but to destroy, the protection which Congress has given against the admission of those whom it has determined to be improper to admit, and no such construction should be given the statute, unless its language be clearly susceptible of only such construction, and I cannot so construe this statute." See, also, In re Kempson (D. C.) 14 F.(2d) 668.

In In re·Olsen (D. C.) 18 F.(2d) 425, and In re Pezzi (D. C.) 29 F.(2d) 999, the same result was reached by slightly different reasoning. The decision of Judge Hand in U. S. ex rel. Gioia et ux. v. Curran (D. C.) 11 F.(2d) 904, is not in conflict with the foregoing cases. That was not a naturalization case. The alien came into the country originally as a deserting seaman. He left temporarily after three years' residence here, and on his return was excluded by the department. The court held that under section 34 of the Immigration Act (8 USCA § 166) he could not have been deported merely because of his illegal entry, and therefore admitted him, but the court expressly declined to decide whether or not his three years' residence in the country made his presence legal ab initio. "While he may not be deported after that time, it does not follow that the statute condones the illegality of his presence all along." The decision of the District Court for the Western District of Pennsylvania in In re Schmidt, supra, certainly is in conflict with this case to the extent that it goes beyond merely deciding that the certificate was in form a sufficient compliance with the statute. In In re McPhee (D. C.) 209 F. 143, the District Court for this district followed the Schmidt Case; but in Re Cassovel, 33 F.(2d) 1002 (opinion by Judge Dickinson), the court made it clear that the point passed upon was only the legal sufficiency of the petition.

There are two other considerations which enter into the question. In Ex parte Marchant (D. C.) 3 F.(2d) 695, the court pointed out the effect of admitting petitioners to citizenship under the circumstances of a case similar to this, in view of the Quota Law of 1924 (43 Stat. 153):

"Under the Quota Law of 1924, the Congress, by requiring a consular visé, had undertaken to provide means by which intolerable conditions are remedied. The effect of it is to allow only as many aliens as are entitled to admission to set sail for our shores.

The effect of this would be nullified if seamen, without visé, should land with the declared intention of shipping foreign, and then proceed to declare for citizenship on the basis of service on coastwise ships, and under the thin pretense that at some undefined and indeterminable period in the future they would ship foreign."

It is also significant that by the Act of March 2, 1929 (8 USCA § 106a), Congress provided that the registry of aliens at ports of entry may be made as to aliens not ineligible to citizenship, in whose case there is no record of admission for permanent residence, if such alien shall make a satisfactory showing that he entered the United States prior to June 3, 1921, etc. The inference is that Congress understood that under prior legislation such aliens were not entitled to be naturalized, and further that Congress did not intend that those who entered without registry after June 3, 1921 (42 Stat. 5), the date when the first Quota Act went into effect, should have that privilege.

The petition will be dismissed.