### In re KRAUSSE.

District Court, E. D. Pennsylvania. November 18, 1929.

No. 91641.

Randolph Sailer, of Philadelphia, Pa., for applicant.

H. B. Read, Asst. Director of Naturalization, of Philadelphia, Pa., opposed.

DICKINSON, District Judge. This applicant admittedly possesses all the qualifications for citizenship, with a possible noncompliance with one of the conditions of admission.

The conditions of admission to citizenship in the order set forth in the act of Congress are (among others):

1. The filing of a declaration of intention to become a citizen, setting forth inter alia "the date of arrival with the name of the vessel, if any, in which the applicant came to the United States."

2. After two and within seven years of this declaration, the filing of a petition to be naturalized, incorporated with which must be the required "certificate" of arrival together with the above declaration.

There are, among others, two requisites to admission: (1) A five years' continuous residence within the United States, and (2) this required declaration of intention. These two facts must be evidenced in the application by a certificate of arrival and declaration of intention attached thereto.

This alien has resided in the United States for the required length of time, and did declare his intention to become a citizen, and has attached to his petition a certificate of arrival, together with his declaration of intention. Why then should he not be admitted?

The answer made is the objection that the declaration was premature. The applicant physically arrived October 16, 1922. He made the required declaration November 9, 1922. The remaining fact we state in the words of the objectors: "Attached to the pe-

tition is the required certificate of arrival issued by direction of the Secretary of Labor showing that (the applicant) arrived at the port of New York on October 16th, 1922, on the S. S. Oswego. The following statement is endorsed on the face of the certificate. 'This alien is admitted for permanent residence and head tax paid December 26th, 1922. Verified for permit. Member of crew.' "

A very sharp point is thus presented. If the declaration of intention bore date December 27, 1922, the applicant would properly be admitted, but, as it bears the date of November 9th, he may not be. The representative of the Bureau of Naturalization understands the very point presented to have been ruled by this court adversely to the applicant. This, however, is a mistake. The point here presented has not been so ruled or ruled at all. There is now legislative direction on the subject. The amendment of March 2, 1929, expressly provides (section 4, 8 USCA § 377 (b) that "no declaration of intention shall be made by any alien * * * or, if made, be valid, until the lawful entry for permanent residence of such alien shall have been established, and a certificate showing the date, place, and manner of his arrival shall have been issued." The act is however not retroactive and cannot be accepted as a declaration of the legislative will before its date. If it has any bearing on declarations before made, it is that of a change in the law.

The very fair-minded representative of the Bureau of Naturalization has likewise directed our attention to the case arising in this district of In re Cassovel, 33 F.(2d) 1002, which is read as favorable to the admission of the present applicant, but the ruling in which is thought to have been changed by the subsequent rulings above mentioned. We do not so read the cited case, nor see in it any bearing upon the question now presented. The Cassovel Case was ruled upon the authority of the previously ruled McPhee Case (D. C.) 209 F. 143, which in turn followed the Schmidt Case (D. C.) 207 F. 678, which arose in the Western District.

To these may be added the case of In re Fanariotis (D. C.) 33 F.(2d) 313. The thought in all of them was to have the same rule applied throughout the Third Circuit. The Schmidt, McPhee, and Cassovel Cases each turned upon the form of the attached certificate. The Fanariotis ruling expressly recognized the rulings in the other cases, but it was based not (as were the other cases) upon the form of the certificate, but its substance. So far as affects the precise point now presented, it has not been ruled in this district, nor so far as we are advised, in this Circuit. We have, however, been referred to the following cited cases, together with other unreported rulings in the Southern District of New York and in the New Jersey and Delaware Districts in this circuit. Respecting these unreported rulings, we have no means of confirming them, and they may turn out to be, as in the instance of the unreported cases in this district, mistaken inferences of what was ruled.

The reported cases are the following: In re Connal (D. C.) 8 F.(2d) 374; In re Jensen (D. C.) 11 F.(2d) 414; In re Olsen (D. C.) 18 F.(2d) 425; In re Demanis (D. C.) 21 F.(2d) 876; In re Reader (D. C.) 21 F. (2d) 877.

Before considering these rulings, it will be helpful to recall the precise point now presented. It is whether for declaration purposes an arrival in this Country is to be the date of actual arrival or taken to be the date of payment of the head tax and the issuance of the formal certificate of arrival. In other words, whether the provision in section 4 of the Act of March 2, 1929, is to be read into the Act June 29, 1906 (34 Stat. 596) as amended prior to 1922.

Recurring to the helpful aid to construction of having in mind the old law, the mischief arising thereunder, and the remedy provided in the law to be construed, we had before the requirement that a certificate of arrival be incorporated in the petition for naturalization the fact of arrival to be found as a fact. When the time came, as it did, when some restrictions upon immigration were called for, the question of whether an alien had entered the country in compliance with the immigration laws became important, because there were doubtless instances among applications for naturalization of those who had entered the country without a compliance with these laws. The fact and time of entry was, because of this, changed from a fact to be found to one of certification by the immigration officials. We have in the instant case such certificate to the fact of entry on October 16, 1922. Whether the applicant was in this country at the time of his declaration of intention was a vital fact to be established, and could be established only by the certificate of the Secretary of Labor. It is of common knowledge that frequent calls were made upon the department for such certificates long after the date of arrival, and it is a fair assumption that because of this the amendment of 1929 was passed, making the date of arrival for declaration purposes not the date of arrival in fact, but the date of the

issuing of the arrival certificate, so that now we can have no valid declaration of intention until after the date of such certificate. If this was the law before March 2, 1929, the present applicant has made no valid declaration of intention, and in consequence cannot at this time be admitted to citizenship. If such was not the law on November 9, 1922, he may be admitted.

With these thoughts in mind, let us examine the cited cases. A reading of them at once discloses that none of them, except the Olsen Case, touch the question before us. Each of the other cases presents the question of whether an applicant who was never in fact accepted as an immigrant, or of whose entry there was no official record, could be admitted to citizenship.

In the Olsen Case, there were five applicants whose petitions were discussed in one opinion—Olsen, Koch, Rose, Esteller, and Munz.

In the Koch Case the arrival was June 23, 1921 (after the quota law [42 Stat. 5]). His application was rejected on two grounds: (1) The absence of any certificate of a legal entry; and (2) no five years' residence.

In the Rose Case the original arrival was in 1920, but followed by a return to his native land, and a second arrival July 17, 1923; the certificate showing a legal entry on that date. His petition was denied likewise on two grounds: (1) No five years' residence since July 17, 1923; and (2) residence dated from his second arrival.

In the Esteller Case, naturalization was granted because he had arrived before the quota law.

In the Munz Case, the petitioner claimed a residence since 1914, but the fact finding was made that his entry was not until 1924. His petition was rejected for lack of a five years' residence.

It is thus clear that none of the cases referred to are in point unless it be the Olsen Case. This is the ruling relied upon by the objectors. It is to be noted that the declaration of intention was made before the Act of May 19, 1921 (42 Stat. 5), had become effective, so that the applicant would have been admitted to citizenship, as was Esteller, except for another objection. The case rules (1) that under the act of Congress the existence of a certificate and its incorporation in the petition for naturalization is indispensable on the authority of U. S. v. Ness, 245 U. S. 319, 38 S. Ct. 118, 62 L. Ed. 321; (2) that the date of arrival is determined by such certificate and that alone; but (3) although not subject to the act this applicant was not in fact in the country when he made his declaration of intention. The last was the ground of the refusal.

To bring the instant case on all fours with the Olsen Case, if the certificate did not show an arrival before December 26, 1922, the petition for naturalization would be denied. It, however, shows that the arrival was October 16, 1922, and, if this is the true date, the applicant should be admitted to citizenship. It is true that all the formalities were not complied with and the certificate did not issue until December 26th, but when it did issue it certified to an entry on October 16, 1922. It is also true that, since the Act of March 2, 1929, the date of lawful entry and the beginning of a legal residence would now under the above facts be held to be December 26, 1922, but the question recurs: Would this be the law without that act?

The very clear and accurate statement by Judge St. Sure in the Olsen Case of the practice since the act of 1921 shows that this practice was without doubt the occasion and motive for the passage of the act of 1929.

The following propositions we think embody the law as it was before being changed by the latter act and as it now is.

1. The date of arrival in this country and the beginning of a legal residence within the meaning of the naturalization laws is fixed and determined not by other evidence of the true date but only by the date given in the certificate of arrival.

2. Such certificate incorporated in the petition for naturalization is a prerequisite to admission to citizenship, whatever the true date of arrival may be.

3. Since the act of 1929 the date of arrival is the date of the record required to be kept of compliance with the immigration laws, and a previous declaration of intent is invalid.

4. The act of 1929 is, however, not retroactive, and without that act the date of arrival is the date certified to be the date of arrival which, in the instant case, is October 16, 1922.

The case, although important to the applicant, would not seem to be of any public importance. The law of like cases is now settled by the amendment of March 2, 1929. The ground of objection to this application is so narrow that there cannot be many cases to which the objection urged would apply.

The applicant may be admitted to take the oath of allegiance and thereupon to be naturalized.

I am authorized to add that all the members of the court join in this ruling.