## UNITED STATES ex rel. HARRINGTON v. McCANDLESS, Commissioner of Immigration.

District Court, D. New Jersey.
Oct. 1, 1930.

Adrian Bonnelly, of Philadelphia, Pa., for relator.

Phillip Forman, U. S. Atty., of Trenton, N. J., and Oliver Randolph, Asst. U. S. Atty., of Newark, N. J., for respondent.

AVIS, District Judge.

Respondent claims that relator, who was a sailor and a native of Ireland, entered the United States on June 18, 1925, at New York from the steamer Eglantine, and that, under the law and regulations, he was entitled to remain in the country for a period of only sixty days to reship foreign; that he has remained in the United States for a longer time than permitted by the Immigration Act of May 26, 1924 (43 Stat. 153), and the regulations made thereunder, and, after investigation by the Commissioner of Immigration, an order of deportation has been legally made.

The relator's testimony shows the facts to be that on August 9, 1923, he first came to the United States on the British steamship Viscount, landing at Port Arthur, Tex.; that because of illness, he was taken from the ship and sent to the hospital; that when he recovered, his ship had sailed, and he then engaged in service on coastwise vessels. Relator claims that he visited the immigration office at Port Arthur, and he was there advised "that everything was all right." The report of the Immigration officer shows that, when relator was discharged from the hospital, it was to "reship foreign."

The testimony further shows that in April, 1925, at Philadelphia, Pa., relator shipped on the steamer Eglantine for Rotterdam, Holland, and return, and that this vessel arrived back in New York on June 18, 1925, but relator continued to Philadelphia, where he was paid off. Since that time he has not followed the sea, but has remained in the United States, following his occupation as a laborer in various industries.

Counsel for relator claims that the relator entered the United States at Port Arthur, Tex., on August 9, 1923, and that the order of deportation is void, because made more than five years after his actual entry. I cannot so hold. It is apparent that his stay there was only temporary, and the fact that he later shipped upon American vessels is not a justification for making such claim. There is no evidence that the relator, in any way, complied with the law or the regulations entitling him to permanent entry into the United States. I am satisfied that, under the law and the facts, relator's entry was at New York, on June 18, 1925. See United States ex rel. Claussen v. Day, 279 U. S. 398, 49 S. Ct. 354, 73 L. Ed. 758; United States ex rel. Rios v. Day (C. C. A. 2) 24 F.(2d) 654; United States ex rel. Bardakos v. Mudd (D. C. Md.) 33 F.(2d) 334.

The only other question raised is that, even if we take the later date, June 18, 1925, as the time of his actual entry, the order of deportation was not issued until more than three years and sixty days after this date, and the Act of February 5, 1917, c. 29, §

34, 39 Stat. 896, provides that an "alien seaman who shall land in a port of the United States contrary to the provisions of this Act shall be deemed to be unlawfully in the United States, and shall, at any time *within three years thereafter,* upon the warrant of the Secretary of Labor, be taken into custody and brought before a board of special inquiry for examination as to his qualifications for admission to the United States, and if not admitted said alien seaman shall be deported at the expense of the appropriation for this Act as provided in section twenty of this Act." (Italics mine.) See 8 USCA § 166. This act contemplated that the alien seaman might be entitled to permanent admission, but, of course, was prior to the Quota Law.

The general law, with relation to deportation, is found in the Act of February 5, 1917, c. 29, § 19, 39 Stat. 889, and, as it relates to the facts in this case, provides as follows: "At any time within five years after entry, any alien who at the time of entry was a member of one or more of the classes excluded by law; * * * shall, upon the warrant of the Secretary of Labor, be taken into custody and deported." See 8 USCA § 155.

The Act May 26, 1924, c. 190, § 14, 43 Stat. 162, among other things, provides as follows: "Any alien who at any time after entering the United States is found to have been at the time of entry not entitled under this Act to enter the United States, or to have remained therein for a longer time than permitted under this Act or regulations made thereunder, shall be taken into custody and deported in the same manner as provided for in sections 19 and 20 of the Immigration Act of 1917." See 8 USCA § 214.

It is quite apparent that Congress in the act of 1924, which contained the quota law, created a new scheme, working in with the provisions of the act of 1917, in so far as there is no conflict. The act of 1924, however, as I view it, created a complete procedure, which applies to the facts in this case. It must be kept in mind that the 1924 act created a class of aliens to be excluded, because of the quota provisions, who were not excluded prior to the passage of that act.

The relator in this case was in the class of excluded aliens, unless he was within a quota and complied with the law and regulations as to admission. No claim is made that he has so complied in any way.

The act of 1917, with relation to alien seamen, contemplated only the laws in force at that time, when there were no quotas, and every alien, except those specifically excluded, might be admitted, if of good moral character, physically fit, and financially responsible, etc.

Section 19, of the act of 1924, provides as follows: "No alien seaman excluded from admission into the United States under the immigration laws and employed on board any vessel arriving in the United States from any place outside thereof, shall be permitted to land in the United States, except temporarily for medical treatment, or pursuant to such regulations as the Secretary of Labor may prescribe for the ultimate departure, removal, or deportation of such alien from the United States." See 8 USCA § 166. This portion of the 1924 act, considered in connection with section 14 of the same act and section 19 of the Act of 1917, without question, repealed by implication section 34 of the Act of 1917, as it applies to the facts in this case. United States ex rel. De Visser v. Flynn (W. D. D. C. N. Y.) 21 F.(2d) 695.

The result is that the government, at any time within five years after the expiration of the sixty-day period, during which time an alien seaman has the right to remain in the United States to reship foreign, may issue its warrant of deportation.

The relator, as an alien seaman, has remained in the United States for a longer time than permitted under the laws and regulations, and, there being nothing in the record to indicate any unfairness in the conduct of the hearings, or in the application of the law to the facts adduced, the Commissioner was entirely justified in issuing the warrant of deportation under the provisions of section 14 of the Act of 1924. See United States ex rel. Rios v. Day (C. C. A.) 24 F.(2d) 654, supra; United States ex rel. Bardakos v. Mudd (D. C.) 33 F.(2d) 334.

The relief prayed for in the petition for the writ of habeas corpus is denied, and the said James Harrington is remanded for deportation.