**In re LARSEN.**

No. 705–K.

First Division.

Oct. 28, 1931.

H. D. Stabler, U. S. Atty., of Juneau, for the United States.

HILL, District Judge.

At the hearing of Ludvig P. Larsen's petition for naturalization, the United States attorney moved to dismiss the petition because it appeared from the certificate of arrival that petitioner's declaration of intention was made in Hawaii May 17, 1921, three months prior to the date of entry shown by the certificate of arrival, and was therefore illegal. In all other respects it is conceded that petitioner was qualified for citizenship.

Petitioner was born in Norway, and testified that he entered the United States in 1918 from Prince Rupert, B. C., as a sailor on a small coastwise steamer; that he was discharged from the ship in Seattle and simply stayed there without question; that he registered for military service and reported weekly at the registration office in Seattle; that. after the Armistice, he shipped on various merchant vessels; and that in 1922 he paid head tax at Seattle; that

the officers who issued the head tax receipt discussed among themselves as to whether said head tax should be shown as receipted as of the date of his arrival in 1918 or the actual date of the payment of the head tax in 1922. The certificate of arrival shows date of arrival as August 23, 1921, and bears the notation, "Permanently admitted nunc pro tunc at Seattle, Washington, October 16, 1922, as of August 23, 1921, with payment of head tax." It also bears the following notation: "This certificate does not purport to verify the landing or admission of the alien named. From a subsequent examination it appears that he arrived at the port indicated on the date specified and entered the United States without registry or examination under the immigration laws because of—passed as a seaman and decided to stay." Petitioner's counsel has presented a brief in which he argues that it is highly improbable that, in view of petitioner's registration for military service and his sailing on American vessels, petitioner made an illegal entry. Unfortunately for petitioner, the burden is upon him to establish the legality of his entry by such evidence as the law has made requisite. In re Vasicek (D.C.) 271 F. 326, and cases there cited; Petition of Nybo (D.C.) 34 F.(2d) 161.

Petitioner must comply with naturalization laws. U. S. v. Ginsberg, 243 U.S. 472, 37 S.Ct. 422, 61 L.Ed. 853.

The Naturalization Act of June 29, 1906, § 1, title 8, U.S. C.A., chapter 6, § 106, provides for a registry to be made in the case of each alien arriving in the United States from and after June 29, 1906, and makes it the duty of commissioners of immigration to grant to each such alien a certificate of such registry commonly called "Certificate of Arrival." Section 4, subdivision second (8 U.S.C.A. § 380), provides for filing the alien's certificate of arrival and declaration with his petition for naturalization.

Mere unquestioned landing in the United States is not the beginning of a permanent and continuous residence

in the United States as contemplated by the naturalization laws, and the continuous residence required before naturalization cannot be initiated except by entering into the United States in accordance with the naturalization laws. U. S. v. Kreticos, 59 App.D.C. 305, 40 F.(2d) 1020. Inspection and *registration upon arrival* are requisite prior acts essential to a valid petition for naturalization. In re Olsen (D.C.) 18 F.(2d) 425; Petition of Longo (D.C.) 21 F. (2d) 968, 969.

Whatever discussion the immigration officials may have had relating to the date of arrival of petitioner, the date they determined upon was certainly binding upon this Court.

█ The date of the beginning of a legal residence within the meaning of the naturalization laws is fixed and determined by the date given in the certificate of arrival and not by other evidence as to actual landing. In re Krause (D.C.) 36 F.(2d) 407.

█ The petitioner's legal residence in the United States commenced August 23, 1921, and, since petitioner could not make a declaration of intention until he had become a resident of the United States within the meaning of the naturalization laws, it follows that his declaration made May 17, 1921, was illegal, and his petition must be dismissed.

An order dismissing the petition may be entered.