# FANARIOTIS v. UNITED STATES.

## No. 4385.

Circuit Court of Appeals, Third Circuit.

Feb. 3, 1933.

Charles D. Smeltzer and Carl G. Kirsch, both of Philadelphia, Pa., for appellant.

Edward W. Wells, U. S. Atty., of Philadelphia, Pa., and Charles M. Bolich, Asst. U. S. Atty., of Allentown, Pa., for the United States.

Before BUFFINGTON and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from a decree of the District Court for the Eastern District of Pennsylvania dismissing the petition of Stelios Mena Fanariotis for naturalization. The facts are fully set out in the opinion of the court below. 33 F.(2d) 313.

The certificate of arrival attached to the petition reads:

"U. S. Department of Labor

"Bureau of Naturalization.

"Certificate of Arrival Division Ellis Island, New York.

"April 2, 1928.

"This is to certify that the following-named alien arrived in the United States on the date and in the manner described below, at Ellis Island, New York.

"Name of alien: Fanariotis, Stelios.

"Date of arrival: September 1, 1923. Data taken from crew list, member of crew,

no record of admission for permanent residence.

"Manner of arrival: Washington.

"By Direction of the Secretary of Labor:

"Raymond F. Crist

"Commissioner of Naturalization.

"Issue No. 518049."

Even though the petition and the certificate of arrival were in all formal respects sufficient [In re McPhee (D. C.) 209 F. 143, In re Schmidt (D. C.) 207 F. 678, and In re Cassovel (D. C.) 33 F.(2d) 1002], nevertheless the certificate of arrival set out above discloses that the denial by the District Court of the right of the petitioner to be admitted to citizenship was based upon the insufficiency of the petition in a matter of substance.

The Act of May 19, 1921, "An Act To limit the immigration of aliens into the United States," 42 Stat. 5, c. 8, § 2 (a), provides: "That the number of aliens of any nationality who may be admitted under the immigration laws to the United States in any fiscal year shall be limited to 3 per centum of the number of foreign-born persons of such nationality resident in the United States as determined by the United States census of 1910."

Inasmuch as the petition does not set out any facts to show that at the date of the alien's arrival, September 1, 1923, he came within the limitation of the act of 1921, the District Judge rightly held that it was not shown that the alien had been admitted for such permanent residence as would entitle him to naturalization.

The decree dismissing the petition is affirmed.